By the Court.
 

 The plaintiff in error was indicted under Section 12400, General Code. The indictment, in a single count, charged him with purposely and of deliberate and premeditated malice killing one Kate Danialas. A plea of not guilty was entered. Trial was had to a jury.
 

 The plaintiff in error at the trial testified, in part:
 

 “I pulled a gun and shot, but I didn’t intend to shoot her. * * * I went there, but I didn’t intend to kill her. * * * I went down there, but I didn’t intend to shoot her.”
 

 The court charged the jury upon the subject of murder in the first degree, recommendation of mercy, and second degree, and did not charge upon ■ the subject of manslaughter. Four forms of verdict were submitted to the jury, one for guilty of murder in the first degree, one for guilty of mur
 
 *378
 
 der in the first degree with a recommendation of mercy, one for guilty of murder in the second degree, and one for not guilty.
 

 The evidence above quoted may not have been sufficient in the composite mind of the jury to raise a, reasonable doubt as to the premeditation and deliberation of the plaintiff in error, but it was sufficient to make homicide without premeditation and deliberation an issue in the case. Manslaughter having thereby become an issue, the duty of the court to charge the jury with reference thereto was not different from his duty to charge the jury with reference to the issues of murder in the first degree and murder in the second degree.
 

 The plaintiff in error made no request of the court to charge upon the subject of manslaughter, or upon any other subject. A general exception to the charge as given was taken by him, but no exception was taken to the failure of the court to charge upon the subject of manslaughter.
 

 The charge of the court was correct upon the subjects covered.
 

 An exception to the error of the court in not charging upon the subject of manslaughter was not saved by the general exception, and this court may not reverse the judgment of a trial court for error in failure to charge to which no exception has been taken.
 
 State
 
 v. McCoy, 88 Ohio St., 447, 103 N. E., 136.
 

 Finding no error in the matters properly here for review, the judgment of the Court of Appeals is affirmed.
 

 Judgment
 
 affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.