**STATE, Plaintiff-Appellee v. TUCKER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3781.   Decided January 20, 1945.

Ralph J. Bartlett, Prosecuting Attorney, Forrest F. Smith, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

Frank H. Ward, Columbus, for defendant-appellant.

SHERICK, J., of the Fifth Appellate District, sitting by designation in place of Barnes, P. J.

## OPINION

BY THE COURT.

Appellant complains of error in the trial court's refusal at the end of its charge to further instruct the jury that it might find the defendant guilty of the lesser offenses of robbery, assault and assault and battery.

Appellant further asserts that he offered proof in his own behalf that he was not armed at the time of the commission

of the offense charged; and that he was then engaged in the collection of a debt due him by the prosecuting witness. He testifies that he did have a piece of cardboard in his inside right coat pocket which he at the time shifted to his right side pants pocket. Three witnesses testified that it was a revolver, not cardboard. No matter which it was, it is evident from their testimony and that of the accused, the prosecuting witness was put in fear of his life. The accused states that he deliberately left the prosecuting witness in that state of mind. It is, therefore, certain that the accused was at the least guilty of an assault. There is no evidence of a battery of any kind; hence, a charge on that offense would have been improper. It is also clear that had the jury concluded that he did not have a gun, and that he was not just merely collecting a debt, but through threat and fear was taking from the prosecuting witness the sum demanded, it might then have properly found the defendant guilty of robbery. The proof made by the state would have proved either one of the three offenses, that is, armed robbery, robbery or assault.

Appellant urges that the Court's refusal to charge upon a lesser offense deprived the jury of its right to find him guilty of these lesser offenses, in that it either had to find him guilty of the crime charged or to acquit him. The evidence clearly established that defendant was guilty of some degree of the offense charged, and it might well be that the jury went the full extent and found him guilty as charged, rather than **acquit him.**

The rule of **Bandy v. State, 102 Oh St., 384,** and kindred cases, is, that lesser offenses are only to be charged upon when there is evidence before the jury from which it may properly find the accused guilty of a lesser offense. When there is no such evidence, the lesser offense ought not to be charged. But when such evidence appears, the lesser offense must be charged and the jury given an opportunity to determine the degree of an accused's guilt. When it is denied this right of choice by a Court's refusal to charge, then the Court has usurped the jury's prerogative, not only to determine the degree of guilt, but to pass upon the credibility of witnesses which lays within its exclusive province.

It follows that the judgment entered on the jury's verdict must be reversed and the cause remanded for a new trial.

HORNBECK, GEIGER and SHERICK, JJ., concur.