THE STATE OF OHIO, APPELLEE, *v.* QUATMAN, APPELLANT.

(No. 173—Decided January 23, 1954.)

*Mr. George M. Monahan,* for appellee.
*Messrs. Durbin, Navarre & Risor,* for appellant.

YOUNGER, P. J. The defendant-appellant was indicted by the Grand Jury of Auglaize County, under Section 12421, General Code, on a charge of assault with intent to kill.

In its charge to the jury, the trial court charged as to the essential elements of the crime of assault with intent to kill and furnished the jurors with verdict No. 1 finding the defendant guilty of the charge, to use if in their deliberations they were convinced beyond a reasonable doubt of the defendant's guilt of the crime charged.

The court then instructed the jury that if "after consideration you find that the defendant Quatman is not guilty of assault with intent to kill, then you may consider the second verdict marked No. 2," which was guilty of assault with menacing threats, and if after further deliberation the jurors were convinced that the state had failed to prove the guilt as set forth in verdicts Nos. 1 and 2, then "you may consider verdict No. 3, which is a verdict of assault only * * * and you may if you so agree use form No. 3." Verdict No. 4 submitted was for a verdict of not guilty.

No further instructions were given by the trial court as to the essential elements of the crime of assault with menacing threats or simple assault. Neither was the jury instructed as to the degree of proof required in finding the defendant guilty of such lesser grades. The jurors were merely given the verdicts for the two lesser offenses and told they could "consider" them and use either of them if they agreed.

The bill of exceptions shows the following at the conclusion of the court's charge:

"Anything further?

"(Mr. Navarre walked to the judge's bench.)

"I will say further that you will take along with you to the jury room the indictment and the exhibit.

"By Mr. Navarre to the court reporter:

"Let the record show that when the judge asked if there was 'anything further' we requested that the judge charge to the jury on consideration that can be given by the jury to testimony on previous convictions of the defendant, which the court refused to do.

"Also, that we made a request that the court charge the jury on the lesser offenses included under the indictment, to define the same and show what elements must be proven in order to convict him of any one of the lesser offenses, which the court refused to do.

"Let the record show our exceptions to the court's refusal to charge thereon as requested and to the court's charge as a whole and to each and every part thereof."

The jury returned verdict No. 2 finding the defendant guilty of assault with menacing threats. Motion for a new trial was duly filed, overruled, and the defendant sentenced upon the verdict, from which this appeal is prosecuted.

That the charge of assault with intent to kill includes lesser grades is established in the case of *State* v. *Stout*, 49 Ohio St., 270, 30 N. E., 437, in which the Supreme Court approved a charge by the trial court which stated:

"If you should find from the evidence that had death resulted from the assault, the killing would have been manslaughter only, then you should find him, the defendant, guilty of assault and battery only and not guilty of assault with intent to kill."

A review of the testimony as shown by the bill of exceptions shows that assault with menacing threats and assault only, were involved as issues, depending upon which of the witnesses the jury believed.

Where such lesser grades are included in the original charge and become an issue in the case, the duty of

the court to charge as to such lesser grades is no less than its duty to define the issues involved in the original charge. *Todor* v. *State,* 113 Ohio St., 377, 149 N. E., 326; 12 Ohio Jurisprudence, page 574.

The bill of exceptions shows affirmatively that the defendant requested the court to charge upon the lesser offenses included under the indictment, to define the same and show what elements must be proven, which the court refused to do. The claim of the prosecuting attorney that such request, if made, was not in his presence or hearing does not alleviate the prejudice resulting to the defendant by the court's erroneous refusal to so charge, and, in the absence of convincing evidence to the contrary, the bill of exceptions, as certified by the trial judge, must be accepted by reviewing courts as correct.

For the refusal of the court to charge as requested by the defendant, the judgment must be reversed and the cause remanded for further proceedings as provided by law.

*Judgment reversed.*

GUERNSEY and MIDDLETON, JJ., concur.