THE STATE OF OHIO, APPELLEE, *v.* DERROW, APPELLANT.

(No. 248—Decided April 7, 1965.)

*Mr. John E. Zimmerman,* prosecuting attorney, for appellee.

*Messrs. Shaw, Clemens, Williams & Hines,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of conviction and sentence of the Common Pleas Court of Defiance County entered pursuant to a jury verdict which found the defendant guilty of the crime of conversion as defined and prohibited by Section 2907.39, Revised Code.

We have considered the defendant's respective assignments of error and find that, excepting a claim of error under the second assignment, each of the assignments is without merit. The excepted claim is that "the court below erred in its charge to the jury * * * in confusing the jury on the question of defendant's intent," and alludes to the intent to defraud which constitutes one of the essential elements of the crime charged which had to be proved beyond a reasonable doubt.

During trial in an attack on the credibility of the complaining witness evidence was admitted as to his prior convictions. There is no evidence in the record of prior convictions of the defendant, and evidence as to his guilt is generally conflicting. The trial judge in making his general charge charged, among other matters, as follows:

"Now as to the crime described in the indictment these elements must be found:

"* * *

"(d) That this was done with intent to defraud.

"I might say to you a little further in regards to intent, which is a very important matter in this case, that intent which moves a man or which he has in mind, is difficult to prove by direct evidence. Intent may be shown by the proof of facts and circumstances in regard to the transaction, and so, in determining whether or not there was intent to defraud here, you will take into consideration all the facts and circumstances that have been introduced in evidence, which tend to prove or disprove the intent to defraud.

"Also testimony has been introduced attempting to show the defendant [sic] to have been convicted of other crimes. The law provides that in any criminal case where the defendant—

"By Mr. Zimmerman: The Court please—

"* * * that the complaining witness to have been convicted of other crimes, the law provides that in any criminal case that where intent is material in like acts or other likes [sic] of the witness which may tend to show his—

"By Mr. Zimmerman: The Court please, I object—

"Thereupon

"(Counsel for both parties approach the bench.)

"By The Court: *You will disregard those few remarks with reference to intent.*" (Emphasis added.)

Except for the quotation of the form of the indictment and of the applicable statute, the foregoing constitutes the only portion of the general charge relating to intent, and the emphasized remark, last quoted, constitutes the only instruction given in an attempt to clarify, or to eliminate, the confusion arising from the remarks made as to prior convictions. The first of these remarks was improper as there was no evidence

as to prior convictions of the defendant and the second, although apparently made to rectify this impropriety, was itself improper in that the court was about to relate the prior convictions of the complaining witness to the intent of the defendant, which, of course, have no connection.

Confusion might have been eliminated had the court thereupon instructed the jury to disregard all its remarks relating to prior convictions and the effect thereof. However, when it instructed the jury to "disregard those few remarks with reference to *intent*," and the remarks to be disregarded were not more particularly specified either at such point or elsewhere in the charge, the "corrective" instruction became capable or being reasonably interpreted by the respective members of the jury in either of two possible ways, *i. e.*, (1) that only the remarks with reference to previous convictions should be disregarded, or (2) that all remarks with reference to intent should be disregarded. If it could be determined that all the jurors understood and acted upon the "corrective" instruction in the first manner, there would be no prejudicial error. On the other hand, if any one or more of the jurors understood and acted upon it in the second manner the "corrective" instruction would have served to eliminate, as an element of the crime which had to be proved to the entire jury beyond a reasonable doubt, the element of intent to defraud, and so interpreted the instruction would definitely be erroneous. Since the general verdict of guilty does not reveal which way the jurors understood the "corrective" instruction and as the evidence as to the defendant's guilt was such that, if properly instructed, the jury might reasonably have arrived at a different verdict, we must conclude that there was error and that the error was prejudicial to the rights of the defendant. See 23A Corpus Juris Secundum, Sections 1306, 1322; 24 Corpus Juris Secundum, Section 1445; and 24B Corpus Juris Secundum, Section 1922(1). As stated in 24B Corpus Juris Secundum, at page 158:

"Error has also been held prejudicial where the instruction submits the case to the jury * * * on two distinct theories, one of which is basically wrong, particularly where the jury rendered a general verdict so that it was impossible to determine that it did not rest on the wrong theory; * * * [or] where it is specu-

lative as to what the verdict would have been under a correct instruction; * * *."

For this prejudicial error the judgment of conviction and sentence is reversed and set aside and the cause remanded to the Common Pleas Court for new trial and further proceedings as provided by law.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.