The State of Ohio, Appellee, *v.* Grace, Appellant.

[Cite as State v. Grace (1976), 50 Ohio App. 2d 259.]

(No. L-75-232—Decided July 9, 1976.)

*Mr. James Bates,* prosecuting attorney, for appellee.
*Mr. Robert Z. Kaplan,* for appellant.

Brown, P. J. The defendant-appellant was indicted for violating R. C. 2903.01(A), entitled aggravated murder. The state amended the indictment so as to charge murder—a violation of R. C. 2903.02. After a jury trial in the Lucas County Court of Common Pleas, the defendant was found guilty of violating R. C. 2903.04(A), involuntary manslaughter. From that judgment the defendant appeals.

On or about the night of March 11, 1975, the defendant was at the house where he resided with his girl friend and two children. The victim, Darnell Johnson, and six to seven other persons came to the defendant's house. The defendant allowed them to enter. The victim claimed that he came to collect four dollars owed by the defendant to the victim's girlfriend. The defendant denied owing such debt. A discussion led to the victim punching the defendant in the eye. While the victim and friend were leaving the house, defendant obtained a knife. Otis Johnson, the broth-

er of the victim, had his foot in the front door. The defendant swung a knife in front of the door to force those nearby to move away, so he could close the door. The defendant fatally cut the victim in the neck. The defendant called the police, alleging not to know that he had knifed someone. Before the police arrived, there was name-calling and a knife was thrown in the defendant's house from the outside.

The sole assignment of error states:

"The Lower Court committed reversible error in refusing the defendant-appellants [sic] request that the jury be charged on the lesser included offense of *Negligent Homicide*."

The defendant in the case *sub judice* alleged self-defense. The trial court instructed on self-defense. The prosecution argues that an instruction on self-defense forecloses a jury instruction on negligent homicide. The reason given is that the negligent homicide instruction is inconsistent with the self-defense instruction, because by proposing the self-defense theory and evidence in support thereof, the defendant admits an intentional act as opposed to a negligent act.

"If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence." *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 135; *cf. State* v. *Ovens* (1974), 44 Ohio App. 2d 428; and R. C. 2901.22(D). In view of the defense of self-defense and evidence thereon advanced by the defendant in the case *sub judice*, the trial court instructed on the offenses of murder, voluntary manslaughter, and involuntary manslaughter, all of which refer to an intent or purpose to kill.

A jury instruction on negligent homicide would have been inconsistent with and contradictory to the jury instruction given on self-defense. The refusal of the trial court to give a requested instruction is not grounds for

reversal if the instruction is self-contradictory. *State* v. *Derrow* (1965), 2 Ohio App. 2d 28; *Shapiro* v. *Kilgore Cleaning & Storage Co.* (1959), 108 Ohio App. 402; 4 Ohio Jurisprudence 2d 368, Appellate Review, Section 1043. A trial court should refrain from making conflicting instructions. 4 Ohio Jurisprudence 2d 283, Appellate Review, Section 998.

In the case at bar, the indictment was amended to allege murder (R. C. 2903.02). The lesser included offenses of murder listed in the Ohio Legal Center Institute's Continuing Legal Education Program Manual, Criminal Code Publication No. 87-1973, page 03-15, are voluntary manslaughter and involuntary manslaughter. Negligent homicide is a new statute with no pre-code counterpart. The probability that negligent homicide would ever be a lesser included offense of murder is slight. The evidence elicited in the case *sub judice* does not necessitate a jury instruction on negligent homicide.

We make the foregoing determination and observation, well aware of the rule that it is reversible error not to charge the jury on lesser included offenses where the evidence is of such a nature as would warrant a conviction of any of the degrees. *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79; *State* v. *Quatman* (1954), 96 Ohio App. 517; *State* v. *Tucker* (1945), 76 Ohio App. 112; *Howard* v. *State* (1874), 25 Ohio St. 399; 4 Ohio Jurisprudence 2d 386, Appellate Review, Section 1056. R. C. 2945.74 provides, in part:

"* * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

The foregoing principle of law concerned with jury charges on lesser included offenses, thoroughly analyzed in *Loudermill, supra,* is not applicable to the present case.

Since the trial court did not err in its jury instructions, the Court of Appeals, to reverse, must find that the conviction was against the manifest weight of the evi-

dence (an argument not proposed by the defendant), if the. defendant did prove. self-defense by a preponderance of the evidence. *State* v. *Rogers* (1975), 43 Ohio St. 2d 28, 30; *State* v. *Seliskar* (1973), 35 Ohio St. 2d 95; *State* v. *Vancak* (1914), 90 Ohio St. 211. Therefore, the sole assignment of error is not well taken.

The judgment of the Court of Common Pleas of Lucas County is affirmed. This cause is remanded to that court for execution of sentence and for costs.

*Judgment affirmed.*

WILEY and POTTER, JJ., concur.