Richard BREWER, Petitioner-Appellant,

v.

R. OVERBERG, Superintendent, London Correctional Institution, Respondent-Appellee.

No. 79–3679.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1980.

Decided June 30, 1980.

James R. Willis, Stephen O. Walker, Cleveland, Ohio, for plaintiff-appellant.

Randall C. Burnworth, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Brewer appeals the denial of his petition for habeas corpus. We affirm.

Brewer was convicted in Ohio for the murder of his girlfriend in violation of Ohio Rev. Code § 2903.02. She died from a single gunshot wound in the side. Brewer testified that the shooting was accidental and occurred while he was cleaning his gun, which he uses as a private security officer. The deceased's twelve-year-old son gave a different version of the events. He heard Brewer argue with his mother, then go to the bedroom. He heard Brewer cock a gun and spin the chambers. After hearing Brewer walk down the hall, he heard his mother cry "oh no" followed by a gunshot. Two expert witnesses, one for Brewer and one for the prosecution, gave conflicting testimony on the possibility of an accidental firing of the gun. Other witnesses testified about frequent arguments between Brewer and the deceased.

Brewer argues on appeal that the Ohio trial court violated his due process right to a fair trial by failing to instruct the jury on the alleged lesser included offenses of negligent homicide and involuntary manslaughter. He also contends that the evidence is not sufficient for a reasonable jury to find guilt beyond a reasonable doubt. The Ohio Court of Appeals for Lake County rejected these same arguments and affirmed the conviction.[1] The Supreme Court of Ohio denied a motion for leave to appeal.

■ Before we can reach the merits of Brewer's appeal, two preliminary questions must be resolved. We hold first, contrary to the State's argument, that the failure of a state court to instruct the jury on lesser included offenses raises a question that is cognizable on habeas corpus review. *See Pilon v. Bordenkircher*, 593 F.2d 264 (6th Cir.), *vacated and remanded on other grounds*, 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979). In some circumstances, the failure to give a requested instruction could deprive the defendant of the fundamental right to a fair trial as secured by the Fourteenth Amendment. *See Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *Jenkins v. Bordenkircher*, 611 F.2d 162, 168 (6th Cir.1979).[2]

---

1. The Ohio Court of Appeals held: 1) the defendant's request for jury instructions on negligent homicide was not timely because made after the trial judge had charged the jury (defendant did not request instructions on involuntary manslaughter, so the failure of the trial judge to instruct on this offense was not considered); 2) negligent homicide is not a lesser included offense of murder; and 3) sufficient evidence supported the jury's verdict.

2. The United States Supreme Court expressly reserved deciding the existence of a due process right to instructions on lesser included offenses in *Keeble v. United States*, 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973).

Jury instructions implicate the central issues of the trial: the defendant's guilt and the length of any imprisonment. Therefore, an error in the instructions could result in fundamental unfairness in the trial. Justice Brennan has stated well the prejudice which a defendant

A more difficult question is whether Brewer is barred by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), from raising his argument on the refused instructions, because he did not comply with Rule 30 of the Ohio Rules of Criminal Procedure. Brewer requested orally an instruction on negligent homicide after the trial judge had charged the jury, but before the jury retired.[3] That the request was oral does not seem to preclude review in the Ohio courts, though it does technically violate Ohio Crim. R. 30. *State v. Gideons*, 52 Ohio App.2d 70, 386 N.E.2d 67, 72 (1977). Therefore, this violation does not bar review on habeas corpus.

The Ohio Court of Appeals held on Brewer's direct appeal that the request for instructions was too late under Ohio Crim. R. 30. Therefore, it held that the trial judge did not err in denying the requested instruction. Though this interpretation of Ohio Crim. R. 30 strains the language of the rule, it is not contrary to clearly controlling precedent in Ohio. *Pilon v. Bordenkircher*, 593 F.2d at 267 n. 4. Therefore, we are bound by the State court's interpretation of its procedural rule.

Nevertheless, noncompliance with a state procedural rule does not bar habeas corpus review of "plain error" in jury instructions given by Ohio courts. *Krzeminski v. Perini*, 614 F.2d 121, 123 n. 2 (6th Cir.1980). Failure to instruct on lesser included offenses may be "plain error." *State v. Jenkins*, 48 Ohio App.2d 99, 355 N.E.2d 825 (1976). The Ohio courts have repeatedly held that it is prejudicial and reversible error for the trial court to refuse an instruction on lesser included offenses if the evidence could reasonably support a verdict on such offenses. *State v. Kilby*, 50

Ohio St.2d 21, 361 N.E.2d 1336 (1977); *State v. Nolton*, 19 Ohio St.2d 133, 249 N.E.2d 797 (1969). However, the Ohio Court of Appeals on Brewer's direct appeal held that negligent homicide is not a lesser included offense of murder. *See also State v. Grace*, 50 Ohio App.2d 259, 362 N.E.2d 1237, 1238 (1976). Because this holding is not contrary to any clearly controlling precedent, we are bound by this interpretation of Ohio law. Consequently, we hold that Brewer's noncompliance with Ohio Crim. R. 30 bars review of the alleged error in refusing to instruct the jury on lesser included offenses.

Brewer's second issue on appeal is whether or not the evidence is insufficient to support the verdict of purposeful murder. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh. denied* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), requires that the evidence on each element of the offense be sufficient for a reasonable juror to find guilt beyond a reasonable doubt. Brewer argues that the state did not introduce sufficient evidence to prove intent or purpose. Making all reasonable inferences in favor of the State, we hold that the testimony of the deceased's son, and the State's expert witness constitutes sufficient evidence from which a reasonable jury could find a purposeful murder.

The judgment of the district court is affirmed.

---

may incur if instructions on lesser included offenses are not given:

> But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts

in favor of conviction. . . . We cannot say that the availability of a third option . . could not have resulted in a different verdict. 412 U.S. at 212–13, 93 S.Ct. at 1998.

**3.** Brewer did not request an instruction on involuntary manslaughter. Consequently, the failure to give such an instruction was not preserved for review on habeas corpus. *Pilon v. Bordenkircher*, 593 F.2d at 268.