THE STATE OF OHIO, APPELLEE, *v.*
JENKINS, APPELLANT.

(No. C-830215—Decided December 14, 1983.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Ms. Janna H. Flessa,* for appellee.

*Mr. Peter W. Swenty,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Assignment of error one raises the circumscribed issue of whether the offense of negligent homicide (R.C. 2903.05) is a lesser included crime of murder (R.C. 2903.02).[1] Defendant-appellant, Bollie Jenkins, was charged with murder in violation of R.C. 2903.02. A jury found him guilty of the death of Martha Stone, as charged, and he was sentenced as appears of record. The evidence tended to prove that Martha Stone was shot in the head with a .20 gauge shotgun; the shot caused her death. The appellant requested that a charge be given on negligent homicide which the court refused to do; it is that refusal which constitutes the foundation for assignment one.

The Eleventh District Court of Appeals was confronted with a similar issue in *State* v. *Brewer* (July 31, 1978), Lake App. No. 6-144, unreported. The court held that negligent homicide is not a lesser included offense of murder. The *Brewer* scenario involved a shooting, as here. We agree with the *Brewer* decision

---

[1] These two statutes provide as follows:

R.C. 2903.05 (negligent homicide) provides:

"(A) No person shall negligently cause the death of another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of negligent homicide, a misdemeanor of the first degree."

R.C. 2903.02 (murder) provides:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code."

that negligent homicide is not a lesser included offense of murder regardless of whether the offense is in fact committed with a deadly weapon. See, also, *Brewer v. Overberg* (C.A. 6, 1980), 624 F.2d 51, certiorari denied (1981), 449 U.S. 1085.

Therefore we overrule this assignment.

The remaining challenge contained in assignment two raises the question of the legal sufficiency of the verdict of the jury. Appellant contends that the verdict and judgment thereupon are against the weight of the evidence. Police responded to the scene of the death, following which appellant gave numerous conflicting statements ranging from total ignorance of the events surrounding Martha Stone's death to the admission that he held the weapon when she was shot in the head. As often occurs, evidence conflicts about how the shooting came about, but the record contains adequate proof of a violation of R.C. 2903.02, murder, by Jenkins if the jury believed the proof beyond a reasonable doubt — which the jury members obviously did. "A reviewing court will not reverse a jury verdict where there is substantial evidence [as here] upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340], syllabus; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. Assignment two is without merit.

We affirm the judgment below.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and DOAN, JJ., concur.