THE STATE OF OHIO, APPELLEE, *v.* KING, APPELLANT.

(No. C-830326 — Decided
August 8, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Leonard Kirschner,* for appellee.

*Raymond T. Faller,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, George King, was convicted of the crime of voluntary manslaughter, R.C. 2903.03, and appeals from the judgment of the court of common pleas which was entered on the verdict of the jury. The defendant had been indicted for committing murder in violation of the provisions of R.C. 2903.02. The offense occurred in the course of a dispute concerning a neighborhood parking space. The defendant discharged a firearm and the bullet struck Walter Jeffries in the head.[1] At trial, the defendant advanced self-defense and also contended that the killing was accidental in that, although he did discharge the firearm, he did not intend to shoot Jeffries or to kill him.

The trial court in its instructions to the jury included, *inter alia,* instructions on self-defense and also on the lesser included offense of voluntary manslaughter, but refused to instruct the jury on the offense of negligent homicide.[2] (R.C. 2903.05.)

The sole assignment of error presented by the appellant is the refusal of the trial court to instruct the jury "on the lesser included offense of negligent homicide." The assignment of error is not well-made.

The facts in *State* v. *Grace* (1976), 50 Ohio App. 2d 259 [4 O.O.3d 223], are similar enough to those *sub judice* to make it particularly relevant. In that case, the defendant was tried by a jury on the charge of murder. He was found guilty of involuntary manslaughter. The essential facts are not complicated. The defendant, Grace, following an argument in his home with others, including the decedent, who were present in his home with his permission, armed

---

[1] The victim of the homicide was identified in the indictment as Walter *Jefferies.* In the transcript of the proceedings he was consistently identified as Walter *Jeffries.* In the absence of any indication as to which spelling is correct, we have elected to follow the spelling as contained in the transcript of the proceedings, particularly as testified by the widow of the victim.

[2] Although defendant did not present to the trial judge, in writing, a request for an instruction on negligent homicide, this court is not confronted with the problem addressed in *State* v. *Fanning* (1982), 1 Ohio St. 3d 19. In denying the request to instruct the jury on the law of negligent homicide, the trial judge specifically excluded the absence of a written request as the reason for the denial. We do not endorse this procedure, which is tantamount to the trial judge deciding which criminal rules will be enforced and which will not. The request for instruction pursuant to Crim. R. 30 must be in writing as well as timely. The requirement for written requests is an aid to the trial court to determine the legal propriety of the request and, *a fortiori,* an aid to a reviewing court.

himself with a knife to enforce his order that they leave his home. While the others were on the outside of an open door, Grace swung the knife in an effort to cause those on the outside to move back in order that he could close the door. The decedent received a fatal wound on his neck. In *Grace,* as in the case before this court, the defendant advanced self-defense and yet requested a jury instruction on negligent homicide. Grace asserted, as does the appellant herein, that the trial court erred in failing to give the jury the requested instruction on negligent homicide. In a well-reasoned opinion it was held not to be error to refuse to instruct a jury in a murder trial on the offense of negligent homicide when the defense is self-defense.

The substance of the claim of self-defense is that the defendant was justified in using deadly force *intentionally.* The assertion of self-defense is inconsistent with the claim that the defendant is guilty, at the most, of *negligent* homicide. In the case on review, the trial court indicated a willingness to instruct the jury on either self-defense or negligent homicide but that the two necessarily conflicting instructions would not be given. Appellant implicitly made the choice of the instruction on self-defense as opposed to negligent homicide. We do not find the insistence upon such choice to be error.

Our following of *Grace, supra,* is consistent with that of the Ohio Court of Appeals, Ninth District, which has agreed with the reasoning of *Grace, supra,* when the victim of the homicide is the person against whom the defendant was defending himself. *State* v. *Williams* (1981), 2 Ohio App. 3d 289. In the case on review, the ultimate victim, Walter Jeffries, was the person against whom the appellant intended to direct force. Under such circumstances, an instruction on self-defense and an instruction on negligent homicide would have

been contradictory and would have invited error.

Furthermore, the assignment is without merit for the reason that the evidence was not such as would support an instruction on negligent homicide even if it were a lesser included offense of murder and even if the issue of self-defense were not also present.

R.C. 2945.74 provides that "[w]hen the indictment * * * charges an offense, * * * if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense." From this statute, it follows that an instruction with respect to an offense not charged in the indictment should be given if that offense is a lesser included offense of the offense charged in the indictment and the evidence adduced at the trial warrants such an instruction. *State* v. *Merriweather* (1980), 64 Ohio St. 2d 57, 58 [18 O.O.3d 259]; *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 385 [18 O.O.3d 528]. To determine whether the defendant was entitled to an instruction on negligent homicide, a court must first determine whether it is a lesser included offense of murder. If that question be answered in the affirmative, then, as a second question, it must be determined if the facts as developed by the evidence at trial, considered in a light most favorable to the defendant, were such that a jury could reasonably find the defendant not guilty of the charged offense but guilty of the lesser included offense. *State* v. *Davis* (1983), 6 Ohio St. 3d 91, 95.

Assuming, *arguendo,* that negligent homicide is a lesser included offense of murder, we find that the trier of fact could not reasonably have found the defendant not guilty of murder but guilty of negligent homicide. From the outset of the trial, during the opening statement of the defendant, the jury was informed of the position of the defendant

that he had acted in self-defense in discharging the firearm. This theory of the defense continued throughout the trial with repeated references to the aggressiveness of the decedent causing fear in the mind of the defendant and the ultimate fatal shooting. The emphasis given by the defense to self-defense and the relatively inconsequential assertion of the theory of accident fully justified the trial court in refusing to present the inconsistent instructions to the jury. The evidence did not justify the request of the appellant for an instruction on negligent homicide. The assignment is overruled.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.