798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank BONARRIGO, Plaintiff-Appellant,
v.
Joseph JANESZ, Chief Probation Officer, Cuyahoga Court of
Common Pleas, Defendant-Appellee.
 No. 85-3411.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1986.
 
 Before CONTIE and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-AppeUllnt Frank Bonarrigo appeals from the denial of his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254 (1982). For the reasons set forth below, we affirm the district court's denial of relief.
 
 I.
 FACTS LEADING TO APPELLANT'S CONVICTION
 
 2
 On December 4,1978, at approximately 10:40 p.m., Brecksville, Ohio Patrolman Dennis Kancler saw an automobile parked on the street with a man standing by its side with his back turned to the street. Kancler then observed the car leave and proceed onto the highway, driven in an erratic manner. Having observed a traffic violation, Kancler stopped the vehicle and approached it with his flashlight. Kancler asked the driver, Bonarrigo, for his license. Kancler shined his flashlight in the car and saw several blue and white capsules by Bonarrigo's foot and a cellophane package in the left hand of the passenger in the car, Charles Satterfield. Satterfield then made a jerking motion with his left hand, as if to secrete the package, and spilled the contents on the armrest and seat, revealing several more blue and white pills. Bonarrigo and Satterfield were ordered out of the car. Patrolman John Neforos, who had arrived at the scene pursuant to Kancler's radio call, while gathering pills and in lifting the armrest on the front seat, found a loaded .38 caliber gun wedged between the two front seats.
 
 II.
 SUMMARY OF PROCEEDINGS BELOW
 
 3
 Appellant was indicted and brought to trial in Cuyahoga Common Pleas Court on one count of carrying a loaded, concealed weapon, a violation of Ohio Rev. Code Ann. Sec. 2923.12 (1982).[1] Appellant filed a motion to suppress the evidence seized from the automobile which was denied by the court. Appellant was convicted and sentenced on August 9, 1979 to a term of one to ten years in the Ohio reformatory.
 
 
 4
 Appellant appealed his conviction to the state appeals court which affirmed appellant's conviction. See State v. Bonarrigo, No. 41300 (Ohio Ct.App. May 22, 1980). Appellant then filed for leave to appeal to the Supreme Court of Ohio which overruled his motion and dismissed his direct appeal on September 26, 1980. See State v. Bonarrigo, No. 80-1083 (Ohio Sup.Ct. Sept. 26, 1980).
 
 
 5
 Appellant filed a habeas petition in the United States District Court for the Northern District of Ohio on December 4, 1980. The matter was referred to a magistrate for a review and recommendation. The magistrate recommended that the writ be denied. Over appellant's objections, the district court adopted the magistrate's findings and recommendation and dismissed the petition on July 12, 1982. Upon appeal to this court, the order of the district court was vacated and the case remanded for a de novo review as to those portions of the magistrate's report to which appellant had raised objections. Upon remand, the district court reaffirmed its earlier decision and issued a Memorandum and Order on March 27, 1985 denying relief. After his motion for a new trial and motion to amend judgment was overruled, appellant filed a notice of appeal with this court on April 17, 1985.
 
 III.
 DISCUSSION
 
 6
 Appellant contends that the actions of the trial judge in raising the amount of his bond from $5,000 to $50,000 deprived him of a fair trial.
 
 
 7
 A bond of $5,000 was intially set in the municipal court and continued after arraignment. The trial judge, after hearing appellant's motion to suppress, stated on the record that in accordance with Ohio Rule of Criminal Procedure 46 he was raising the bond to $50,000 because the evidence adduced at the hearing indicated a great probability or likelihood of conviction.
 
 
 8
 Appellant's argument that the trial court erred lacks merit for two reasons. First, appellant never made a motion in the trial court or the state appellate court for a reduction of bond nor did appellant petition for habeas relief prior to the trial on the grounds of excessive bail. Atkins v. People of the State of Michigan, 644 F.2d 543 (6th Cir.), cert. denied, 452 U.S. 964 (1981). Second, appellant has not demonstrated that the allegedly excessive amount of bail set by the trial judge rose to a level of a constitutional violation.
 
 
 9
 Appellant next points out two instances of comments by the trial judge which appellant contends demonstrate a lack of impartiality and served to deny him a fair trial. The first comment occurred in the context of the court's jury instructions where the trial judge remarked:
 
 
 10
 Now, the defendant, Frank Bonarrigo, testified in this case--excuse me --now, the defendant Frank Bonarrigo, did not testify in this case.
 
 
 11
 Joint Appendix at 7.
 
 
 12
 The second comment was made to counsel for appellant in chambers, when the court had just completed questioning two jurors. In response to appellant's request for reconsideration of the amount of the bond, the court stated:
 
 
 13
 Mr. Mancino, you know that it is over with, it is done with. I am not going to belabor that. I have invited you into my chambers as a courtesy to two [jurors] so they won't be embarrassed. You seized that opportunity, without asking leave of this court, to raise issues in my chambers. Go out there and --make a motion. Don't bother me during my lunch hour for that. You are trying to manipulate and run this court and direct that as to the manner that it proceeds in trial. I don't tolerate that in my room.
 
 
 14
 Transcript at 103.
 
 
 15
 These isolated remarks certainly fail to indicate any prejudice toward appellant or deprive him of a fair trial.
 
 
 16
 Appellant next contends that the following jury instruction served to improperly single out the testimony of one witness in violation of Ohio law and deprive him of a fair trial:
 
 
 17
 The Court: Mr. Charles Satterfield testified in this case. You will make a judgment, ladies and gentlemen, whether Charles Satterfield was an accomplice to a criminal act or whether he was a party acting alone in the accomplishment of a criminal objective.
 
 
 18
 Charles Satterfield has been convicted of the same crime charged in this indictment, and Charles Satterfield testified as a witness in this case.
 
 
 19
 An accomplice is one who knowingly with a criminal intent assists or joins another person in the commission of a crime. The testimony of a witness who you find to be an accomplice should be carefully examined and considered with caution. Such testimiony should be considered with all of the other facts and circumstances and the evidence. Applying the general rules for the credibility of the witnesses, you will determine if his testimony is worthy of belief, whether Charles Satterfield was acting alone or was an accomplice and the weight that you give to his testimony are matters you must determine.
 
 
 20
 Transcript at 294-95.
 
 
 21
 The trial court also instructed the jury that they were to be the sole judge of the credibility of all the witnesses at trial. We need not consider whether the instruction cited by appellant was a violation of state law, as we do not find that appellant has met his burden of demonstrating a constitutional deprivation. See Henderson v. Kibbe, 431 U.S. 145 (1977).
 
 
 22
 Appellant contends he was prejudiced by the trial court permitting the introduction of evidence relating to the discovery of the pills in appellant's automobile. Appellant contends that such evidence was irrelevant and prejudicial, as no testimony was introduced indicating that the pills were illegal or that charges were filed arising out of their confiscation.
 
 
 23
 The trial court permitted the introduction of this evidence as the court considered it important to allow the jury to have all the evidence of events which occurred at the scene of the arrest. While such evidence arguably may have had a more prejudicial effect than its probative value, we do not believe this alleged evidentiary error rendered the trial "so fundamentally unfair as to constitute a denial of federal rights." Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir.1982) (per curiam) (quoting Gillihan v. Rodriguez, 551 F.2d 1182, 1193 (10th Cir.), cert. denied, 434 U.S. 845 (1977) ).
 
 
 24
 Appellant's next claim of error is utterly frivolous. Appellant argues that since Satterfield, who was indicted with appellant on the same weapons charge, plead guilty to the offense of carrying a concealed, unloaded weapon, this plea should operate as collateral estoppel on the state, preventing the state from charging and convicting appellant of carrying a concealed, loaded weapon.
 
 
 25
 Appellant raises error as to the trial court's refusal to charge the jury on the offense of transporting a loaded weapon, Ohio Rev.Code Ann. Sec. 2923.16(B) (1982). Appellant maintains that he requested such a charge and that such an offense is a lesser included offense to the count appellant was charged with by the state.
 
 
 26
 An offense is a lesser included offense under Ohio law where (1) all the elements of the lesser offense are included in the greater offense; (2) the offense of the greater degree cannot be committed without commission of the lesser offense; and (3) some element of the greater offense is not required to prove commission of the lesser offense. State v. Wilkins, 64 Ohio St.2d 382, 384 (1980), The Ohio Court of Appeals ruled in the instant case that Sec. 2923.16(B) was not a lesser included offense of Sec. 2923.12(A) warranting instruction by the trial court. We note that this finding is consistent with the result reached in State v. Travis, No. 1703 (Ohio Ct.App. Dec. 13, 1984), where the appellate court ruled that Sec. 29 23.16(B) was not a lesser included offense of Sec. 2923.12(A), as Sec. 2923.16(B) requires, unlike the greater offense, that the firearm be transported or present in a motor vehicle. Therefore, not all elements of the lesser offense are included in the greater offense. Absent plain error, this court is bound by a state court's interpretation of its own law. Brewer v. Overberg, 624 F.2d 51, 53 (6th Cir.1980), cert. denied, 449 U.S. 1085 (1981). Having found no such error in this determination, we overrule appellant's claim of error.
 
 
 27
 Appellant's final argument is that there was insufficient evidence to sustain his conviction. Appellant contends that there was no evidence demonstrating that appellant "knowingly concealed or had ready at hand a deadly weapon," as alleged in the indictment.
 
 
 28
 The district court, analyzing appellant's claim under the standards announced in Jackson v. Virginia, 443 U.S. 307, 324 (1979),[2] concluded that proof of the requisite elements under Ohio Rev.Code Ann. Sec. 2923.12 had been demonstrated. Although the evidence was certainly less than overwhelming, upon review of the record, we agree with the finding of the district court.
 
 
 29
 Accordingly, the district court's denial of habeas relief is affirmed.
 
 
 
 [1]
 Satterfield was indicted with appellant on the same count of carrying a loaded, concealed weapon, but prior to trial, entered a plea of guilty to carrying an unloaded, concealed weapon. Satterfield testified on appellant's behalf at trial
 
 
 [2]
 In Jackson, the Supreme Court stated:
 [I]n a challenge to a state criminal conviction brought under 28 U.S.C. Sec. 2254 ... the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.
 443 U.S. at 324.