Appellant, George Smith, appeals his conviction for possession of crack cocaine in an amount less than one gram. For the following reasons, we affirm.
Sergeant Paul Styles of the Cuyahoga County Metropolitan Housing Authority testified that he was conducting an undercover operation at the Cedar Estates to apprehend drug activity. Sgt. Styles and another officer walked through the estates in plain clothes. Appellant and a female approached the officers. Appellant said, Do you know where I could get a 20 piece? A 20 piece is a rock of crack worth $20. The officers replied that they did not have any. Then, they radioed the arresting officers and told them that appellant had solicited drugs. Sgt. Styles believed appellant was asking him for drugs because appellant did not have any drugs.
Officer William Likes of the Cuyahoga Metropolitan Housing Authority testified that he received the radio broadcast from Sgt. Styles. He found the male and female matching Styles' description. He arrested appellant for solicitation of drugs. He searched appellant upon arrest, and discovered a crack pipe in his right front pants pocket. He placed the crack pipe in an evidence bag and sealed it. Another officer arrested the female, and found a crack pipe on her as well.
Kristin Koeth testified that she is a scientific examiner in the City of Cleveland Police forensic laboratory. A sealed evidence bag with a pipe came into her possession for analysis. The pipe tested positive for cocaine, but no tests were performed for crack cocaine. The lab report indicates the pipe was submitted by Officer Likes. The pipe appeared dirty and burnt. There is no way to tell with the naked eye if there is cocaine residue in the glass pipe. Koeth removed a small sample from the pipe. She observed cocaine crystals when she magnified the sample 100,000 times. The evidence bag containing the pipe was introduced into evidence.
Appellant moved for acquittal pursuant to Crim.R. 29. He argued that the evidence did not support possession of drugs, but did support possession of drug paraphernalia or solicitation. The court denied the motion, stating that possession of paraphernalia and solicitation are not lesser included offenses of the charged offense of drug possession.
Appellant moved that the court instruct the jury on soliciting drugs and/or possession of drug paraphernalia. The trial court denied the motion.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 520, State v. Jenks (1991), 61 Ohio St.3d 259.
The elements of possession of drugs are: the defendant knowingly obtained or possessed or used crack cocaine in an amount less than one gram. R.C. 2925.11. A defendant can be found guilty of drug possession when he possesses paraphernalia containing drug residue. State v. Teamer (1998) 82 Ohio St.3d 490. The quantity of a controlled substance is not factor in determining whether defendant may be lawfully convicted of drug possession. Id.
The quantity of drugs may be relevant to show whether the defendant knowingly possessed the drugs. Id. "A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Whether a defendant was aware that he probably possessed a controlled substance is a question of fact to be determined based on the totality of the circumstances. See State v. Teamer, supra.
The fact that a defendant attempted to conceal paraphernalia with visible burnt residue is sufficient to show the defendant knowingly possessed drug residue. State v. Teamer, supra. Sufficient evidence existed to support the "knowingly" element when the defendant attempted to throw away the pipe containing the cocaine residue when the police came, and admitted he had a drug problem. State v. Duganitz (May 5, 1994), Cuyahoga App. No. 65328, unreported. Suspicious actions upon arrest may establish that the defendant knew he possessed a minute amount of drugs. See State v. Jones (Jan. 10, 1990), Hamilton App. No. C-880620, unreported.
In this case, the pipe appeared burned and dirty. The scientific examiner removed residue from the pipe. Appellant asked the undercover officers for crack. From these circumstances, the jury could infer that appellant was aware that the pipe probably contained cocaine residue.
Appellant also contends that the state failed to prove whether the pipe in evidence was taken from appellant or from his female companion. There was testimony that the evidence bag was submitted by Likes, who was the officer who arrested appellant. The evidence bag was offered into evidence. The evidence was sufficient to establish the chain of custody. There was sufficient evidence from which the trier of fact could find all the essential elements of drug possession.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GIVE AN INSTRUCTION OF SOLICITATION AND/OR POSSESSION OF DRUG PARAPHERNALIA.
 Allied offenses of similar import are offenses the elements of which correspond to such a degree that the commission of one will result in the commission of the other. Newark v. Vazirani (1990), 48 Ohio St.3d 81, 549 N.E.2d 520. The elements of drug abuse and possession of paraphernalia do not so correspond. One may be in possession of drugs, but not paraphernalia. One may possess paraphernalia without possessing drugs. R.C. 2925.11 and 2925.14 are not, therefore, allied offenses of similar import. . .
State v. Lynch (1991), 75 Ohio App.3d 518, 521-522. Similarly, the offense of possession does not result in the commission of solicitation. Possession and solicitation are not allied offenses of similar import. Appellant was not entitled to jury instruction on offenses which were not lesser included offenses of the offense charged. See State v. Koss (1990) 49 Ohio St.3d 213, 219; State v. Hill (1987), 31 Ohio App.3d 65.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND JAMES M. PORTER, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE