JOURNAL ENTRY AND OPINION
On November 11, 1997, defendant-appellant Donald Richard was indicted on two counts of felonious assault with each count containing a peace officer specification. Subsequently, defendant was indicted in two other cases for receiving stolen property and attempted murder. Defendant pleaded not guilty to all the charges.
On May 28, 1998, defendant's attempted murder case proceeded to trial. Midway through the trial, defendant entered into plea negotiations with plaintiff-appellee State of Ohio. On June 3, 1998, defendant withdrew his not guilty plea and entered a plea of guilty to attempted murder. As a result of the plea negotiations, the state modified the felonious assault charges to attempted felonious assault and deleted the peace officer specifications. Defendant then pleaded guilty to two counts of attempted felonious assault. Lastly, the state amended the receiving stolen property charge to attempted receiving stolen property and defendant pleaded guilty to this charge.
At the sentencing hearing, the prosecutor went through all the recommended charges, amended charges, sentences, and fines. Defense counsel stated he and defendant both agreed to the prosecutor's recommendations. Defense counsel also stated he and defendant discussed the ramifications of the plea arrangement and both he and defendant signed the written recommended sentence form. The trial court then entered into a colloquy with defendant.
During this colloquy the following exchange occurred:
 THE COURT: Mr. Richard, do you understand everything we said so far today?
THE DEFENDANT: Yes.
 THE COURT: Have any threats or promises been made to you other than the recommended sentence form that's been executed?
THE DEFENDANT: No.
 THE COURT: Are you satisfied with Mr. Tyburski's representation.
THE DEFENDANT: Yes.
* * *
 THE COURT: Although Mr. Tyburski explained your rights to you, I need to be satisfied that you understand them.
THE DEFENDANT: Yes.
 THE COURT: Do you understand that if you enter these pleas of guilty today, that you are waiving your right to a jury trial?
THE DEFENDANT: Yes.
THE COURT: The right to confront and examine witnesses.
THE DEFENDANT: Yes.
 THE COURT: The right to subpoena witnesses on your behalf?
THE DEFENDANT: Yes.
 THE COURT: The right to have the State prove your guilt beyond a reasonable doubt?
THE DEFENDANT: Yes.
 THE COURT: The right not to testify at trial, and that no one may use that against you.
THE DEFENDANT: Yes.
 THE COURT: Do you also understand the Court can proceed to judgment and sentence you today?
THE DEFENDANT: Yes.
Next, the trial court proceeded to outline all the charges, amended charges, fines, and maximum possible sentences defendant faced. Defendant stated he understood all the charges. The court engaged defendant in a discussion and asked him the following questions:
 THE COURT: Do you understand there's no promise of a particular sentence?
THE DEFENDANT: Yes.
 THE COURT: Have you voluntarily executed the recommended sentence form, Mr. Richard?
THE DEFENDANT: Yes.
THE COURT: And do you understand what it means?
THE DEFENDANT: Yes.
THE COURT: Do you have any questions about it at all?
THE DEFENDANT: No.
The trial court accepted the state's recommendations and went through each charge individually with defendant before it accepted defendant's guilty pleas. After accepting defendant's guilty pleas, the court imposed the sentences recommended by the state. Pursuant to that agreement, the trial court sentenced defendant to four years on each count of attempted felonious assault. The sentences were ordered to run concurrent with all other sentences defendant received from his other cases.
Defendant timely filed his notice of appeal. On appeal, defendant, pro se, submitted his own brief presenting two assignments of error. Appellate counsel for defendant also submitted a brief and presents four assignments of error.
 I.
Defendant, pro se, assigns two assignment of errors. First, he argues the trial court erred, in violation of R.C. 2941.25, by not holding a separate hearing to determine whether the two crimes of felonious assault constituted allied offenses of similar import. Defendant claims the two crimes "contain the same elements, and that they do correspond to such a degree that the commission of one offense will necessarily result in the commission of the other."
Initially we note this court has previously held "[a]n agreement that is knowingly and voluntarily entered into by the defendant is sufficient to withstand any later attack even when the attack involves a plea to allied offenses." State v. Styles
(Oct. 9, 1997), Cuyahoga App. No. 71052, unreported. This reasoning precludes the instant defendant, who entered a plea agreement with the state, from subsequently complaining about his pleading guilty to two counts of felonious assault even though he argues they are allied offenses.
Even if this reasoning was inapplicable to the present case, defendant's argument regarding allied offenses is without merit as the following discussion demonstrates: two counts of felonious assault involving two victims are not allied offenses of similar import.
Because defendant did not raise an objection at the trial court level, we must proceed under the plain error doctrine. State v.Awan (1986), 22 Ohio St.3d 120, 122. In order for this court to afford defendant any relief upon his appeal, the impropriety which he contests must rise to the level of plain error under Crim.R. 52 (B). Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. The plain error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant. Id.
R.C. 2941.25 Multiple counts, states:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Blankenship (1988), 38 Ohio St.3d 116, 117, the Ohio Supreme Court established a two-tiered analysis for determining whether two crimes with which an accused is charged constitute allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
Defendant pleaded guilty to two counts of attempted felonious assault. The indictment indicates there were two victims and the dangerous ordnance defendant employed was an automobile. In Statev. Phillips (1991), 75 Ohio App.3d 785, Phillips, who had been convicted on five counts of felonious assault for injuring multiple victims in a drive-by shooting, argued on appeal the crimes were allied offenses of similar import. The court cited toState v. Jones (1985), 18 Ohio St.3d 116, 118, for the proposition that when an offense is defined in terms of conduct towards another, then there is a dissimilar import for each person affected by the conduct. The court then defined felonious assault and held:
 "Because the General Assembly has defined this offense in terms of the harm, or potential harm, visited upon `another,' we conclude that there is a separate, and `dissimilar,' import with respect to each person subject to that harm or risk of harm."
In the instant case, defendant was charged with felonious assault the same as Phillips. Applying the same reasoning as the Court in Phillips, we find felonious assault is a crime defined in terms of conduct towards another. Therefore, because there were two victims there is dissimilar import for each person and the two charges of felonious assault are not allied offenses of similar import.
Based on the above analysis it is well-established that felonious assault charges involving two victims does not amount to allied offenses of similar import so the trial court would have no impetus to hold a hearing to consider such a matter. Accordingly, the trial court did not err in not holding a hearing to determine whether the two charges of felonious assault were allied offenses of similar import.
Defendant's first pro se assignment of error is overruled.
Second, defendant argues he was rendered ineffective assistance of counsel because defense counsel failed to raise the issue of allied offenses under R.C. 2941.25. Defendant maintains he was prejudiced by defense counsel's failure to request a hearing because he was convicted of two counts of felonious assault for the same conduct.
To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668. Under the performance inquiry, this court must determine considering all of the circumstances, whether "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id.
The prejudice inquiry involves a determination of "whether there is a reasonable probability that, absent the errors, the fact finder would have" acquitted the defendant. Id. at 694.
We find defendant's argument unpersuasive. As previously stated, it is well-settled that when there are two felonious assault charges and two victims the charges are not allied offenses of similar import and thus a hearing is not required. As a result, we find defense counsel did not err in not requesting a hearing or in not raising this issue. Defendant's second pro se assignment of error is overruled.
Appellate counsel presents four assignments of error. We will combine these assignments of error as they are interrelated. On behalf of defendant, appellate counsel argues: (1) the trial court failed to explain to defendant the rights he was waiving by pleading guilty, (2) the trial court failed to specifically inquire whether defendant understood the nature of the rights enumerated in Crim.R. 11, (3) the trial court failed to inform defendant he was ineligible for probation, and (4) the proceedings were defective because no inquiry was made regarding whether defendant understood the nature of the crime and thus defendant did not enter his plea knowingly, willingly, or voluntarily.
Crim.R. 11 (C) (2) requires:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. (Emphasis added.)
A trial court in taking a plea must substantially comply with Crim.R. 11 (C) (2) (a) (b). State v. Colbert (1991), 71 Ohio App.3d 734,737. Substantial compliance "means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106. Furthermore, "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect." State v. Scott (1996), 113 Ohio App.3d 401,402. Therefore, upon review "a finding of compliance with the rule can be based upon a consideration of the totality of the circumstances surrounding the entry of the plea." State v.Carter (1979), 60 Ohio St.2d 34, 396.
Defendant contends the trial court did not explain the rights he was waving by pleading guilty. A review of the transcript indicates to the contrary. The transcript reveals the trial court complied with the requirements of Crim.R. 11. The trial court addressed defendant and individually explained to defendant each right he was waiving if he pleaded guilty. After explaining each right to defendant, the trial court stopped and asked defendant if he understood he was waiving this right. Each time defendant responded affirmatively.
Defendant also claims the trial court failed to give a detailed description or explanation of the Crim.R. 11 rights. At defendant's sentencing, the trial court went through each Crim.R. 11 right and asked defendant if he understood. Defendant responded affirmatively. The trial court did not merely list the rights or simply enumerate them, the trial court addressed each right individually and then spoke with defendant as to his understanding. In addition, the trial court is not required to give a detailed explanation or description of the Crim.R. 11 rights. State v. Flint (1986), 36 Ohio App.3d 4.
Next, defendant argues the trial court failed to inform him he was ineligible for probation. He claims had he known he was not eligible for probation he would not have waived his constitutional right to probation.
Our court has consistently held there is not substantial compliance with Crim.R. 11 (C) (2) (a) when the trial court fails to inform the defendant he is not eligible for probation and the circumstances do not show he knew he was not eligible. State v.Calvillo (1991), 76 Ohio App.3d 714; State v. Hurayt (July 23, 1992), Cuyahoga App. No. 60676, unreported; State v. Meyers
(October 13, 1994), Cuyahoga App. No. 66916, unreported.
In the present case, we find the circumstances show defendant knew he was not eligible for probation. We must review this argument based on the totality of the circumstances. Nero, supra. Between November, 1997, and January, 1998, defendant was indicted in three separate cases. In his first case, defendant was indicted on two counts of felonious assault with peace officer specifications. In his second case, defendant was indicted for receiving stolen property. In his third case, defendant was indicted for attempted murder with a firearm specification and a repeat violent offender specification. Based on these charges defendant faced thirty-one years of incarceration and $42,500 in fines.
Defendant proceeded to trial on the attempted murder trial and after hearing part of the state's evidence, he decided to enter into plea negotiations. A written plea agreement was reached. At the plea hearing the state outlined the plea agreement and stated that on the attempted murder charge defendant would plead guilty and "do a total of ten years on the sole count of the indictment." The state said this included seven years on the underlying charge and three more years for the gun specification. The prosecutor proceeded to the next case and said on the felonious assault charges defendant would plead guilty to two counts of attempted felonious assault and the peace officer specification would be deleted. On the third case, the prosecutor stated the charge would be amended from receiving stolen property to attempted receiving stolen property.
The trial court then asked defense counsel if this is was his understanding of the agreement and defense counsel responded affirmatively. Defense counsel also stated he explained the plea agreement to defendant. The trial court asked defendant if he understood everything. Defendant responded affirmatively. Defendant was then questioned about the recommended sentences and he responded he understood the plea agreement, voluntarily entered the plea agreement, and had no questions about the agreement. The trial court went through each charge and defendant pleaded guilty.
The trial court then sentenced defendant. On the charge of attempted receiving stolen property, defendant received a sentence of eleven months incarceration. On the two attempted felonious assault charges, defendant was sentenced to four years on each charge. And on the attempted murder with a firearm specification, defendant received seven years plus three for the specification. The trial court stated the first two sentences were to run concurrent to the seven plus three-year sentence. The trial court said the sentence imposed was "for a total of ten years."
The trial court and the prosecutor both stated defendant would be incarcerated for ten years. Moreover, defendant cannot prove he was prejudiced by the trial court's failure to literally inform him he was ineligible for probation. Even if defendant were to receive probation for the two counts of felonious assault he still would not be released from his term of incarceration because he still would have to finish the ten-year term imposed for attempted murder. Based on the totality of the circumstances, we find defendant understood that he was not eligible for probation.
Lastly, defendant complains the proceedings were defective because the trial court made no inquiry to determine whether he understood the nature of the crimes with which he was charged. Thus, he did not enter his plea knowingly, willingly, or voluntarily.
The courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11 (C) (2) (a). Rainey, supra. The court's determination that the defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney. State v Higgs (1997),123 Ohio App.3d 400.
As stated previously, both the trial court and the prosecutor explained the penalties and the charges defendant faced. The trial court also engaged defendant in a colloquy and asked him if he understood the charges to which defendant responded "yes." Based on this analysis, we find defendant understood the nature of the crimes he faced and entered his plea knowingly, willingly, and voluntarily.
Accordingly, the trial court complied with the requirements mandated by Crim.R. 11 and defendant's four arguments are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ JOHN T. PATTON JUDGE