THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 3158—Decided August 12, 1981.)

*Mr. Gregory A. White,* prosecuting attorney, for appellee.

*Mr. James A. Deery,* for appellant.

MAHONEY, J. Defendant-appellant, Guy Williams, appeals his jury convictions for felonious assault upon Joe Lacey and the involuntary manslaughter of Johanna Overall, both arising out of the same factual pattern. We reverse.

## Facts

On April 14, 1979, an argument between the defendant and Lacey ended in a shot or shots being fired at Lacey by the defendant. Lacey was uninjured. At some time during the argument Lacey, as well as defendant, had a gun in his possession. The body of Johanna Overall was found a short time after the argument in an apartment overlooking the scene of the argument. Ms. Overall had sustained a fatal bullet wound to the head.

## Assignment of Error I

"The trial court errs by accepting a verdict as to both felonious assault and involuntary manslaughter when the proof of felonious assault is an essential element of the state's case of involuntary manslaughter."

Defendant argues that his convictions for both involuntary manslaughter (R.C. 2903.04[A]) and felonious assault (R.C. 2903.11[A][2]) are impermissible because they are allied offenses of similar import under R.C. 2941.25(A).

Involuntary manslaughter requires no purposefulness but does require proof

of a death as the proximate result of the commission of a felony. Felonious assault must be done knowingly. Thus, though the same conduct by defendant is being construed as two or more offenses, they are of dissimilar import under R.C. 2941.25(B) in that each requires proof of an additional element not present within the other offense. *State* v. *Sanders* (1978), 59 Ohio App. 2d 187 [13 O.O.3d 209]. As we reasoned in *State* v. *Brown* (Oct. 15, 1980), Summit App. No. 9620, unreported, the commission of one of the crimes does not *automatically* give rise to the other offense. It is possible to commit one offense without the other, as in fact happened in this case. Defendant did not feloniously assault Johanna Overall or manslaughter Joe Lacey.

### Assignment of Error II

"The trial court errs in failing to instruct on a lesser included offense of negligent homicide when there is evidence of a substantial lapse of due care."

Defendant raised the issue of self-defense, and the court charged accordingly. Defendant also timely objected to the failure to instruct on negligent homicide. R.C. 2903.05. In a murder trial where defendant claimed self-defense, and the trial court charged on involuntary manslaughter but refused to charge on negligent homicide, the Ohio Sixth District Court of Appeals held:

"A jury instruction on negligent homicide would have been inconsistent with and contradictory to the jury instruction given on self-defense. The refusal of the trial court to give a requested instruction is not grounds for reversal if the instruction is self-contradictory." *State* v. *Grace* (1976), 50 Ohio App. 2d 259, 260-261 [4 O.O.3d 223].

We believe that the reasoning of *Grace, supra*, applies only to situations where defendant intends to direct force against the ultimate victim. We believe that it is possible for one to act both intentionally and negligently at the same time.

Though Ohio has not yet been faced with such a case, based on cases in other states, it seems a hunter who shot his partner while aiming at a deer would be charged under R.C. 2903.05, (negligent homicide). See Goldsmith, Involuntary Manslaughter: Review and Commentary on Ohio Law, 40 Ohio St. L. J. 569, 592. In hunting as in self-defense the gun is discharged legally and intentionally. In this case, as in the hunting accident, the crime occurs when the bullet, through negligence, flies afoul and strikes an unintended victim. If defendant had killed Joe Lacey, jury instructions on self-defense and negligent homicide would have been incompatible. Here an innocent third person fell victim to defendant's action. The jury might properly have found that defendant was justified in defending himself, which would preclude a conviction for involuntary manslaughter by negating the necessary felony offense, but they also could have found defendant negligent if he defended himself without due regard for the safety of others. Thus, he could be guilty of negligent homicide.

Where defendant is entitled to a jury instruction on a lesser included offense, but none is given, that failure amounts to prejudicial error. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119].

### Assignment of Error III

"The trial court errs by allowing into evidence state's exhibit no. 7, a .32 caliber bullet without the state establishing a proper chain of evidence."

We disagree. *State* v. *Moore* (1973), 47 Ohio App. 2d 181, 183 [1 O.O.3d 267], set out the following standard for the chain of proof:

"In establishing the chain of evidence, the state is not required to negate all possibilities of substitution or tampering. It need only establish that it is reasonably certain that substitutions, alterations, or tampering did not occur."

In this case the coroner's investigator, Donald Ward, removed the bullet

from Johanna Overall and placed it in an envelope which he marked. Ward handed the envelope to Detective Staysniak who then handed it to Sergeant Killean. All of this occurred at the scene. The system of markings and identification and the narrow limits of space and time justify the trial court's finding that it was reasonably certain that substitutions, alterations, or tampering had not occurred.

### Summary

We overrule the first and third assignments of error. We sustain the second assignment of error, reverse and vacate the judgment of conviction and remand this cause for a new trial.

*Judgment reversed and cause remanded.*

VICTOR, P. J., concurs.

HUNSICKER, J., dissents.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.