The STATE of Ohio, Appellee,

v.

PHILLIPS, Appellant.

[Cite as *State v. Phillips* (1991), 75 Ohio App.3d 785.]

Court of Appeals of Ohio,
Montgomery County.

No. 12298.

Decided Aug. 26, 1991.

---

*Carley J. Ingram,* Assistant Prosecuting Attorney, for appellee.
*Mark Stone,* for appellant.

FAIN, Presiding Judge.

Defendant-appellant Derrick Phillips appeals from his conviction and sentence following a jury trial on five counts of felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification. The trial court sentenced Phillips to six to fifteen years on counts one and two, and seven to fifteen years on count three, to be served concurrent with each other. Phillips was sentenced to seven to fifteen years on counts four and five, to be served consecutive to each other and concurrent with counts one, two and three. An additional term of three years' actual incarceration was imposed on the firearm specification.

Phillips contends that the trial court erred by failing to suppress his voluntary statement made to a police officer because the officer failed to advise him of his right to counsel subsequent to his arrest, notwithstanding the fact that he was informed of his constitutional rights prior to his arrest, in the presence of his counsel. Phillips further contends that the trial court erred by failing to merge the five counts of felonious assault pursuant to R.C. 2941.25, and that insufficient evidence existed as to his intent to shoot a person, so that the trial court should have directed a verdict for Phillips at the close of the state's case. Finally, Phillips asserts that the indictment against him was unconstitutionally vague in that it failed to name the victims of the offense.

As the state points out, even if the trial court erred by denying Phillips' motion to suppress his statement to the police officer, that error was necessarily harmless because the statement was not offered in evidence. The trial court correctly sentenced Phillips on five counts of felonious assault because the five counts did not merge pursuant to R.C. 2941.25. Sufficient evidence was before the trial court to overrule Phillips' motion for acquittal. Finally, the indictment against Phillips was not unconstitutionally vague. Accordingly, the judgment of the trial court is affirmed.

## I

A drive-by shooting occurred on Oxford Avenue in the city of Dayton. A group of young adults and children were in the area at the time of the shooting. Michael Ramey shielded a small child, Robert Brooks, who was left alone in the yard once the shooting began. Another youth, Darnell Tillis, received an abrasion to his stomach from an unidentified source.

Bullets struck a chain link fence behind the children and the cement under their feet. Several rounds struck the house of Sandra Nabors and entered her home. One bullet broke the window above Nabors' head and another broke the glass in an interior door behind her son, Michael.

Witnesses identified Eric and Derrick Phillips, identical twin brothers, as the individuals driving the car and firing the gun. One brother drove the car, while the other brother fired the gun.

The Phillips brothers were both indicted on five counts of felonious assault, each with a firearm specification. The victims were Sandra Nabors, her son Michael, Michael Ramey, Robert Brooks and Darnell Tillis. A jury found Derrick Phillips guilty of all five charges and firearm specifications. The trial court merged the firearm specifications, and sentenced Phillips accordingly. From his conviction and sentence, Phillips appeals.

## II

Phillips' first assignment of error is as follows:

"The trial court erred in failing to suppress statements made by appellant to the police after the right to counsel had attached without re-advising appellant of his right to counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution."

Phillips and his attorney voluntarily went to the police station after the drive-by shooting occurred. Detective Zimmerman gave Phillips the warnings required by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and then talked to Phillips in his counsel's presence. Following the conversation, Phillips was arrested. Phillips' attorney left while Zimmerman began the booking process.

While Zimmerman completed the necessary paperwork, Phillips told Zimmerman that he wanted to make a statement regarding the shooting. Phillips made an oral statement, and then put the statement in writing. Prior to obtaining the statement from Phillips, Zimmerman did not reissue a *Miranda* warning or ask Phillips if he wanted to have his attorney present. There was no evidence that Zimmerman used any coercion or trickery to elicit Phillips' further statement.

Phillips contends that the trial court should have granted his motion to suppress because Zimmerman failed to reissue a *Miranda* warning after Phillips was arrested. During the trial, the state did not offer the statement Phillips made to Zimmerman. Therefore, even if the trial court erred by denying Phillips' motion to suppress, the error was necessarily harmless.

Furthermore, "*Miranda* has no application to volunteered statements." *State v. Stall* (May 24, 1990), Montgomery App. No. 11382, unreported, 1990 WL 68948, citing *Miranda v. Arizona, supra.* In his brief, Phillips admits that "he wished to make a statement regarding the shooting" to Zimmerman. This indicates that Phillips' oral statement subsequent to his arrest was not a response to interrogation, but was a volunteered statement, which is admissible regardless of the utterer's custodial status. *State v. Henderson* (Feb. 21, 1986), Montgomery App. No. 9229, unreported, 1986 WL 2361, citing *State v. Maurer* (1984), 15 Ohio St.3d 239, 256, 15 OBR 379, 393, 473 N.E.2d 768, 785; *Rhode Island v. Innis* (1980), 446 U.S. 291, 301, 100 S.Ct. 1682, 1690, 64 L.Ed.2d 297, 308.

Phillips' first assignment of error is overruled.

## III

Phillips' second assignment of error is as follows:

"The trial court erred in sentencing appellant upon five counts of felonious assault when the counts had been merged pursuant to section 2941.25 Revised Code."

■■ Phillips asserts that because the five counts of felonious assault are offenses of "similar import," he can only be convicted of one of them, pursuant to R.C. 2941.25(A). He further asserts that because he did not harbor a separate animus as to each victim and because the offenses are of the same or similar kind, R.C. 2941.25(B) does not permit separate convictions on the five charges.

R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The purpose of this section is to prevent "shotgun" convictions and to ensure that only one conviction results from a single criminal act. *State v. Dalton* (Feb. 25, 1986), Clark App. No. 2063, unreported, 1986 WL 2662, citing *State v. Sanders* (1978), 59 Ohio App.2d 187, 13 O.O.3d 209, 392 N.E.2d 1297.

A threshold question in applying R.C. 2941.25 is whether the multiple offenses are of "similar import." If not, if they are of dissimilar import, then neither division of the statute applies to bar multiple convictions. R.C. 2941.25(A), which bars multiple convictions, is not implicated because the offenses are not of similar import; R.C. 2941.25(B), which permits multiple convictions, is implicated because the offenses are of dissimilar import. In the case before us, we conclude that Phillips was charged with and convicted of offenses of dissimilar import.

The Ohio Supreme Court has held that an individual may be convicted for separate violations of an aggravated vehicular homicide statute for each person killed as the result of a single instance of that individual's reckless operation of his vehicle. *State v. Jones* (1985), 18 Ohio St.3d 116, 117, 18 OBR 148, 148, 480 N.E.2d 408, 409. In its analysis, the Supreme Court fastened upon the fact that the statutory prescription in that case, aggravated vehicular homicide, was framed in terms of the offender's conduct towards "another." Specifically, the statute involved in that case provided in part as follows:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another."

The Supreme Court concluded that when an offense is defined in terms of conduct towards another, then there is a dissimilar import for each person affected by the conduct. *Id.* at 118, 18 OBR at 149, 480 N.E.2d at 410.

In the case before us, Phillips was charged with violations of R.C. 2903.-11(A)(2), which provides as follows:

"(A) No person shall knowingly:

" * * *

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance * * *."

Because the General Assembly has defined this offense in terms of the harm, or potential harm, visited upon "another," we conclude that there is a separate, and "dissimilar," import with respect to each person subject to that harm or risk of harm.

Phillips fired a gun into a group of children and randomly at houses on Oxford Avenue. Phillips kept on firing until the gun was empty before he and his brother drove away from the scene. The gunfire occurred in one continuous sequence.

Phillips observed a group of children playing in a front yard, and fired several shots in the direction of the group. Bullets hit a fence behind the children and the pavement under their feet. Phillips fired repeatedly and randomly in the direction of several people—not just one person—until the gun was empty. Michael Ramey, Darnell Tillis, who was injured, and Robert Brooks were all within Phillips' view and firing range. Phillips had to have known that there was a significant possibility that these individuals would be physically harmed as a result of his shooting in their direction.

Phillips fired more than one shot through the window of Sandra Nabors' home, which is located next to the house that Phillips claims was his target. The lights and television were on inside the Nabors home. A bullet went over Nabors' head and another bullet broke the glass in an interior door behind her child. Additional bullets hit the house. The height of the bullets ranged from four feet, four inches to five feet, five inches. Phillips fired into the Nabors residence during the time when most people are home eating dinner.

A defendant is responsible for the natural and probable consequences of his acts, and one is presumed to intend the necessary and natural consequences of those acts. *State v. Kelly* (May 30, 1985), Montgomery App. No. 9119, unreported, citing *State v. Bradley* (1971), 26 Ohio App.2d 229, 232, 55 O.O.2d

387, 389, 270 N.E.2d 654, 657.   Therefore, the trial court could find that Phillips attempted to cause physical harm to each victim by means of a deadly weapon.

We conclude that the offenses committed by Phillips are five offenses of dissimilar import, and that the trial court was correct in sentencing Phillips on all five counts.   Because we conclude that Phillips' offenses are of dissimilar import, we find it unnecessary to decide whether they were committed "with a separate animus as to each."

Phillips' second assignment of error is overruled.

## IV

Phillips' third assignment of error is as follows:

"The trial court erred in failing to direct a verdict in favor of appellants where there was no evidence the appellant ever intended to shoot a person."

Phillips claims that the evidence was insufficient to show that he attempted to cause physical harm to any individual, and, therefore, the trial court erred in failing to direct a verdict in favor of Phillips at the close of the state's evidence.   Crim.R. 29 provides, in pertinent part, as follows:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.   The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

The standard used in determining whether to grant a motion for acquittal is whether "the evidence is insufficient to sustain a conviction" of the offenses charged.   Crim.R. 29(A).   This court is required to view the evidence in a light most favorable to the state when reviewing the denial of a Crim.R. 29(A) motion.   *State v. Morris* (Nov. 29, 1989), Montgomery App. No. 10992, unreported, 1989 WL 145175, citing *State v. Woods* (1985), 25 Ohio App.3d 35, 38, 25 OBR 108, 111, 495 N.E.2d 465, 468.   A judgment of acquittal shall not be granted "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."   *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

When reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt, the issue is one for determination by a jury.   *State v. Swiger* (1966), 5 Ohio St.2d 151, 34 O.O.2d 270, 214 N.E.2d 417, paragraph two of the syllabus.

R.C. 2903.11(A)(2) provides for a "knowingly" standard of conduct. A person acts knowingly when he is aware that his conduct will probably cause a certain result or that such circumstances probably exist. R.C. 2901.22(B).

Crimes committed with knowledge were classified as crimes of general intent under common law. Moreover, culpability was inferred from the voluntary performance of the act itself. *State v. Cartellone* (1981), 3 Ohio App.3d 145, 3 OBR 163, 444 N.E.2d 68. Phillips' intent to cause physical harm to the five individuals could be inferred from his having shot a gun randomly in the direction of each individual.

A review of the evidence presented by the state leads us to conclude that reasonable minds could reach different conclusions as to whether each material element was proved beyond a reasonable doubt because a substantial likelihood existed that all five people in the direction of Phillips' gunfire would be harmed. We cannot say that the evidence against Phillips was so slight or of such little probative value that reasonable minds must have had reasonable doubts as to his intent when he fired the gun. *State v. Bridgeman, supra,* 55 Ohio St.2d at 264, 9 O.O.3d at 402, 381 N.E.2d at 186. Therefore, we conclude that the evidence is sufficient to withstand a motion for acquittal under Crim.R. 29.

Phillips' third assignment of error is overruled.

V

Phillips' fourth assignment of error is as follows:

"The trial court committed plain error in failing to dismiss the indictment against the appellant as being unconstitutionally vague."

Phillips claims that because the indictment against him failed to name the alleged victims of the offenses, it is deficient and defective.

We have opined that the failure to include the name of the victim in an indictment is not a basis for dismissing it if the name of the victim is not an essential element of the charged offense. *State v. White* (Apr. 17, 1986), Greene App. No. 85 CA 38, unreported, 1986 WL 4613, citing Crim.R. 7(B); *State v. Owens* (1975), 51 Ohio App.2d 132, 149, 5 O.O.3d 290, 300, 366 N.E.2d 1367, 1377 ("An amendment to an indictment which changes the names of the victim changes neither the name nor the identity of the crime charged.").

An indictment remains valid if the defects or imperfections do not tend to prejudice the substantial rights of the defendant upon the merits. R.C. 2941.08(K). The indictment contained the elements of the crimes as set out in R.C. 2903.11(A)(2), 2929.71 and 2941.141, as well as the approximate date of the offenses and the county in which they were committed. In this case, the

victims' names were not an essential element of the charge of felonious assault. Furthermore, the names of the victims were supplied to Phillips in a bill of particulars prior to commencement of trial. Thus, Phillips has failed to demonstrate prejudice under these circumstances. We conclude that Phillips' claim lacks merit.

Phillips' fourth assignment of error is overruled.

### VI

All of Phillips' assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.