OPINION
A jury found defendant Michelle Harrison guilty of fourteen counts of aggravated arson and two counts of arson. The counts arose after defendant set fire to two automobiles, and those fires spread to adjacent occupied houses. The issues on appeal concern the sufficiency of the evidence, other acts evidence and sentencing.
The state established that defendant and one of the female victims had an acrimonious relationship because they were simultaneously involved with the same man. The female victim lived with this man and other family members. The female victim owned a car which she parked next to her house. That car, and another parked next to it, were set on fire. The fire spread into the victim's house, as well as the house next door.
One of the family member victims said she heard a "crackling" noise outside her house and saw the cars on fire. A neighbor victim testified that she first noticed a "sizzling" noise but could not determine its source. That same neighbor victim dozed for a while and was awakened by a "big boom" — one of the cars exploding.
Several victims immediately went outside and looked at the scene just after the fires started. They identified defendant by her clothing (a dark jacket with light trim) or the type of car she drove. As the fire department arrived on the scene, defendant appeared and, in a "numb" way apologized to several victims and said that she would pay for the damage. The victims became so incensed that the fire fighters put defendant into one of their trucks for her safety.
Defendant submitted an alibi defense in which she claimed that she had been out at a party on the night of the arson. Late into the evening, the same man who caused the acrimonious relationship with the female victim paged her and told her to meet him. When she arrived, he forcibly removed her from her car, put her into his car and drove to the scene of the fire. He then forced her from the car and left her at the scene of the fire. Defendant denied setting the fire, denied apologizing to the victims and denied having a dark coat. She also testified that she tried to file kidnapping charges based on what happened to her (the kidnapping) on the night of the arson.
 I
The first assignment of error complains the court erred by permitting the state to introduce evidence of her prior arson conviction for setting a car on fire as a means of retaliation in a dispute with another person. She claims that this one prior conviction does not establish a pattern under Evid.R. 404(B).
Evidence of other acts is generally not admissible to prove the character of a person in order to show that he acted in conformity therewith because the evidence generally has little relevance to the question of guilt. See Evid.R. 404(B); State v.Mann (1985), 19 Ohio St.3d 34, 36. This rule does not apply, however, where such evidence is offered as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[,]" or for some other purpose to which it is relevant. Evid.R. 404(B). The admission or exclusion of evidence rests within the sound discretion of the trial court.State v. Jacks (1989), 63 Ohio App.3d 200, 207.
In State v. Grant (1993), 67 Ohio St.3d 465, 471, the Supreme Court stated, "Courts have generally recognized that evidence of other fires implicating the defendant may be admitted whenever it is shown to be relevant to a contested issue in the case." Here, the evidence of defendant's previous arson bore an uncanny resemblence to the current offense. Defendant not only admitted setting a car on fire but said she did so as a means of avenging a perceived slight. In this case, defendant admitted bad blood existed between her and the victim, and witnesses testified that defendant admitted setting the fires, going so far as to say that she would pay for the damages. The similarities between the offenses were sufficiently relevant that the court did not abuse its discretion by permitting evidence of the prior conviction. The first assignment of error is overruled.
 II
In her second assignment of error, defendant claims the jury verdict on the fourteen counts of aggravated arson is not supported by the evidence because the state failed to show she acted with the requisite mental state to commit aggravated arson, nor did it show that the fire created a substantial risk of harm to the inhabitants of the two houses.
R.C. 2909.02(A)(3), the aggravated arson statute, provides that "[n]o person, by means of fire or explosion, shall knowingly * * * create * * * a substantial risk of serious physical harm to any person or physical harm to any occupied structure." The mental element of "knowingly" is established when an offender acts, regardless of his purpose, "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."
The law recognizes that intent can be determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts. State v. Carter (1995), 72 Ohio St.3d 545,554. It is a natural consequence of fire that it tends to spread. Defendant was presumed to understand that fire, by nature, "spreads." Moreover, by setting fire to the cars, she was presumed to understand that she might ignite any gasoline held in those cars. And she would have presumed to have intended that fire would jump from the car to the houses, particularly when the cars were so close in proximity to the houses. Under these circumstances, the state established sufficient evidence of intent to commit aggravated arson.
The argument under this assignment of error complains the state did not establish that the fires placed the occupants of the houses at risk of serious physical harm. She claims the houses suffered only minor damage in areas not inhabited by the occupants.
An arson investigator testified that the fire put the occupants of the houses "very much in danger," particularly since the fire occurred very late at night when the occupants might have been sleeping. The investigator explained that sleeping persons are particularly susceptible to carbon monoxide poisoning. The investigator concluded by noting that the occupants were in very serious threat of harm had the fire department not extinguished the car fires. This evidence was sufficient to establish the element of substantial risk of serious physical harm to the victims.
Defendant also claims that as it relates to the arson counts based on physical damage to the cars, the state failed to present sufficient evidence to establish the value of the cars as required by R.C. 2909.03(B)(2)(b). That section states that if the value of the property or the amount of the physical harm is more than five hundred dollars, a violation of the section constitutes a felony of the fourth degree.
Two cars were involved. The first was a 1990 Lumina, bought three months before the offense for $2,125. Obviously, reasonable minds could find the value of this vehicle exceeded five humdred dollars.
The second vehicle was a 1981 BMW. The owner testified that repairs to the car were often very expensive because parts were difficult to find. He said that repairs to the car would certainly cost more than five hundred dollars because the fire melted the bumper, damaged the fuel pump and burned wiring under the hood. The jury saw photographs of the burned vehcile that corroborated the victim's testimony concerning the extent of damages to the BMW.
We agree that the cost of repairs is not an accurate indication of the value of the BMW at the time of the fire. A car presently worth one hundred dollars could cost thousands to repair. Yet without those repairs, the value of the car does not exceed one hundred dollars, so the cost of repairs cannot be a reliable indicator of the car's value.
The owner of the BMW testified that he had not been driving the car at the time of the arson because he was replacing its struts. Given the age of the car and its current state of disrepair, the jurors could not infer that the car's value exceeded five hundred dollars. We therefore sustain this portion of the assignment of error. The second assignment of error is sustianed in part and overruled in part.
 III
The third assignment of error complains that the court erred by failing to merge the fourteen counts of arson .relating to the inhabitants of the houses because she did not commit those offenses with an animus separate from that used when setting the cars on fire. The state does not concede error, but claims there is no actual prejudice from the failure to ally those offenses because the court ran all sentences concurrently.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more ofenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Blankenship (1988), 38 Ohio St.3d 116, 117, the court set forth a two-part test to determine whether two crimes with which a defendant is charged are allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commissiom of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds that either the crimes were committed separately or that there was separate animus for each crime the defendant may be convicted of both offenses.
If multiple offenses are not of "similar import," analysis of R.C. 2941.25 stops at subsection (A), and the statute does not bar multiple convictions. When an offense is defined in terms of conduct towards another, then there is a dissimilar import for each person affected by the conduct. State v. Phillips (1991),75 Ohio App.3d 785, 790, citing State v. Jones (1985), 18 Ohio St.3d 116,118.
The fourteen separate aggravated arson counts were crimes of similar import, so the second step of the Blankenship test requires us to determine whether defendant committed the crimes with a separate animus to the victims. We considered this same issue in State v. Hedrick (Dec. 20, 1990), Cuyahoga App. No. 57844, unreported. Hedrick had been convicted of four counts of aggravated arson after he set a fire that destroyed a house with four inhabitants. We stated:
 Clearly, the appellant was charged with four separate counts with the commission of a single act of aggravated arson. Therefore, the trial court did err in sentencing the appellant on four separate counts of aggravated arson since the four offenses of aggravated arson were allied offenses of similar import pursuant to R.C. 2941.25(A). State v. Parnell (May 24, 1979), Cuyahoga App. No. 38756, unreported.
Likewise, defendant's act of setting a fire that spread to a house was committed with one animus, not fourteen. Based on Hedrick we sustain this assignment of error and vacate thirteen of the aggravated arson counts. The third assignment of error is sustained.
Affirmed in part; vacated in part.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., PATRICIA A. BLACKMON, J.,CONCUR.
 __________________________________ JOHN T. PATTON PRESIDING JUDGE