OPINION
Defendant, Quentin Brown, appeals from his conviction for possession of crack cocaine, which was entered on a verdict of guilty returned by a jury after trial. The jury acquitted Brown of a companion charge of trafficking in crack cocaine.
Brown was charged with the foregoing offenses on October 16, 1998, after a quantity of crack cocaine was found in a police cruiser in which Brown had been seated while he was detained by police. His detention followed the arrest of his companion, Kenneth Cunningham, after Cunningham had sold drugs to a police informant in a "controlled buy."
The crack cocaine which Brown was convicted of possessing weighed 19.4 grams and approximated a baseball in size. The police informant testified that Brown had held it in his hands during the controlled buy and offered to sell her part of it for one hundred dollars.
When Brown and Cunningham were stopped by police shortly after the completion of the controlled buy, Brown was patted down and handcuffed and he was then placed in a police cruiser. An earlier examination had shown the cruiser was "clean." After a search of Cunningham's car produced no evidence of crack cocaine, Brown was removed from the cruiser and searched again. No cocaine was found on his person. The cruiser was then searched. That search of the cruiser yielded the crack cocaine that Brown was subsequently charged with possessing.
At trial, Brown moved for acquittal pursuant to Crim.R. 29 at the close of the State's case. Brown was subsequently convicted of possession of crack cocaine and sentenced pursuant to law. He filed a timely notice of appeal, and now presents three assignments of error for review.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE 29.
We discussed the legal standard applicable to Crim.R. 29 motions in State v. Phillips (1991), 75 Ohio App.3d 785, wherein we stated:
 The standard used in determining whether to grant a motion for acquittal is whether "the evidence is insufficient to sustain a conviction" of the offenses charged. Crim.R. 29(A). This court is required to view the evidence in a light most favorable to the state when reviewing the denial of a Crim.R. 29(A) motion. State v. Morris (Nov. 29, 1989), Montgomery App. No. 10992, unreported, 1989 WL 145175, citing State v. Woods (1985), 25 Ohio App.3d 35, 38, 25 OBR 108, 111, 495 N.E.2d 465, 468. A judgment of acquittal shall not be granted "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.
 When reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt, the issue is one for determination by a jury. State v. Swiger (1966), 5 Ohio St.2d 151, 34 O.O.2d 270, 214 N.E.2d 417, paragraph two of the syllabus.
Id., at pl 791.
Brown argues that the trial court erred in denying his Crim.R. 29 motion because reasonable minds could not conclude that the crack cocaine found in the police cruiser was his. Brown points to the fact that he'd been patted down and handcuffed before he was put into the cruiser. He also points out that the police informant had agreed to cooperate in order to gain more favorable treatment on criminal charges she was facing.
Brown's arguments are persuasive, but they fail to demonstrate that rational minds could not conclude beyond a reasonable doubt that the cocaine found in the cruiser was his, when construing the evidence the State has presented most strongly in the State's favor.
A "pat-down" is a cursory search of the subject's outer clothing. It is entirely possible that the Defendant had the ball of crack cocaine concealed on his person in such a way that the pat-down had failed to reveal it. Then, while seated in the cruiser, and even though handcuffed, he could have retrieved and discarded the ball of crack cocaine onto the floor of the cruiser before he could be searched more thoroughly. The improbabilities of such concealments and contortions, while they exist, are diminished when the evidence is construed most strongly in the State's favor, as Crim.R. 29 requires. Phillips, supra.
The same considerations apply to the informant's testimony. Her desire to avoid prosecution on other criminal charges creates a basis to find that she had an interest in coloring her testimony against Brown to please the State. However, that potential does not require a finding that reasonable minds would necessarily disbelieve her, especially when her evidence must be construed most strongly in the State's favor.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED QUENTIN BROWN'S RIGHTS UNDER THE U.S. CONST. AMEND. VI, XIV AND OHIO CONST. ART. 1 § 16 WHEN IT FOUND HIM GUILTY OF POSSESSION, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial court, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence offered in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof.
Defendant again argues that it was "physically impossible" for him to conceal the large quantity of crack cocaine that was involved here on his person so as to prevent its discovery during the pat-down search, then retrieve it while handcuffed and seated in the cruiser in order to discard it. He also argues, again, that the police informant was not credible.
The credibility of a witness who testifies under oath, and the weight to be given the testimony the witness offers, is generally a matter committed to the jury and the trial court. State v. DeHass (1967),10 Ohio St.2d 230. Though an appellate court views manifest weight claims as a "thirteenth juror," Thompkins, supra, great deference is given to the conclusions the jury reached from its own observations and appraisal of the witness concerned.
There is not any fatal inconsistency or rank improbability in the story the police informant told in this instance that might cause us to find that the jury should have disbelieved her testimony that she saw Defendant holding the crack cocaine he was convicted of possessing. The fact that the jury rejected the "trafficking" charge, notwithstanding the informant's testimony that Defendant had offered to sell her some of his crack cocaine, does not convince us that the jury should necessarily also have rejected her testimony supporting the possession charge. Even if it had, the remaining evidence is adequate to convict.
Crack cocaine was found in the police cruiser, where it had not been earlier upon inspection, and Defendant was the only person who was there in the interim. Notwithstanding his "physical impossibility" argument, the State offered convincing testimony that drug offenders often conceal crack cocaine in various areas and cavities of their bodies, from which they can retrieve it even while handcuffed. These facts would permit a rational jury to conclude that Defendant had been able to conceal the crack cocaine on his person that police later discovered in the cruiser, having discarded it there while he was seated inside.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR DEFENDANT-APPELLANT WAS DENIED HIS RIGHTS TO A FAIR AND JUST TRIAL GUARANTEED BY U.S. CONST. AMEND. VI, XIV; OHIO CONST. ART. 1 §§ 1, 2, 5, 9, 10, 16 AND 20.
Brown argues that the trial judge should have disqualified herself from presiding at his trial and sentencing because she had once represented him while she was an attorney in practice. He also alleges that the judge refused to allow his arguments to the court in this regard to be recorded.
Crim.R. 12(B) permits a party to file prior to trial and by way of motion any objection or request "that is capable of determination without trial of the general issue." R.C. 2701.03 requires the filing of such a motion in the Supreme Court in order to disqualify a judge of the court of common pleas for bias or interest, and permits the Chief Justice to determine the claim involved. The Chief Justice acts in that capacity pursuant to Article IV, Section 5(C) of the Ohio Constitution, which requires the Chief Justice to pass on disqualifications of judges of the courts of common pleas and the courts of appeals.
R.C. 2701.03 provides the exclusive remedy by which a litigant may claim that a judge of the court of common pleas is biased and should not preside in a case as a result. State v. Frye (Dec. 12, 1997), Clark App. No. 98CA118, unreported. Defendant apparently failed to pursue that remedy. We lack jurisdiction to review the error he assigns in that regard on appeal. Id.
The third assignment of error is overruled.
 Conclusion
Having overruled the error assigned, we will affirm the judgment from which this appeal is taken.
 ______________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.