JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Aaron Ladson appeals from the sentence imposed by the trial court for his four convictions of criminal nonsupport, felonies of the fifth degree. Defendant argues that the trial court imposed maximum consecutive sentences contrary to law. For the reasons that follow, we affirm in part; reverse in part and remand this matter for resentencing.
 {¶ 2} It is uncontested that defendant owed the mother of the four named victims, his now adult children, $38,543.45 in child support as of April 30, 2003. The record reflects that defendant and the State of Ohio entered a plea agreement whereby defendant would plead guilty to the indictment; however, if he paid $6,000 on or before his sentencing, the State would not oppose a motion to vacate the plea and then would amend the charges of the indictment to misdemeanors. The court refused to accept that agreement. Defendant briefly changed his plea to not guilty and then apologized to the trial court and re-entered a guilty plea to the indictment.
 {¶ 3} Defendant and the mother of the four children divorced in 1990. According to the mother, defendant never took care of the children and flaunted the cars he had and trips he took with his new wife. According to defendant, he provided monetary and emotional support to his children between 1990 and 2001, at which point he began experiencing financial difficulties with his business and the IRS. Although defendant wrote a check for $2,000 towards payment of the child support, the check was returned for insufficient funds, allegedly resulting from an IRS attachment.
 {¶ 4} Defendant went on a trip to Las Vegas during the pendency of this case, which he said was paid for by his wife. Defendant's mother testified that the four children spent every holiday with defendant and his family and that he provided for the children. At the sentencing hearing, defendant presented the mother of the children with $4,600 towards payment of the child support.
 {¶ 5} During sentencing, the trial court inquired about defendant's travels over the years. The record also reflects defendant's criminal record for misdemeanors and that he spent 30 days in jail for one of the convictions.
 {¶ 6} Defense counsel argued that the conviction on the four counts constituted allied offenses of similar import. The trial court disagreed. The trial court found that there was a prior history of criminal convictions and that defendant showed no genuine remorse for the offense. The trial court also found that the injury to the victim(s) was facilitated by the relationship that the offender had with them. The trial court reasoned that it was the worst form of the offense because defendant wrote a check for $2,000, which was returned for insufficient funds, and then went to Las Vegas. The trial court considered this to be a lack of good faith on defendant's part. However, the record reflects that defendant paid $4,600 toward his child support obligation at the sentencing hearing.
 {¶ 7} The trial court found that "consecutive sentences [were] necessary to protect the public from future crimes, and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public."
 {¶ 8} And the court [found] "that the harm caused by the multiple offenses was so great and unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct." (Tr. 32). The court imposed maximum sentences on each of the four counts and ran them consecutively to each other for a total prison term of four years. Subsequently, the trial court granted defendant's motion for an appeal bond.
 {¶ 9} Defendant raises two assignments of error challenging his sentence. Assignment of Error I states:
 {¶ 10} "I. Whether the trial court erred on sentencing the defendant to four consecutive years in prison on a four count indictment in violation of O.R.C. 2929 (12)(C)(D) [sic]."
 {¶ 11} Defendant argues, as he did below, that the imposition of consecutive sentences was improper because the four counts of criminal nonsupport to which he pled guilty should be considered allied offenses of similar import under R.C. 2941.25 and treated as one conviction. R.C. 2941.25 provides as follows:
 {¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 14} The defendant argues that his failure to pay child support for each of his four children resulted from the same act without a separate animus for each child. In State v. Hayth
(Mar. 19, 1999), Ottawa App. No. OT-98-032, the Sixth District addressed this issue and held that where more than one child is affected by an offender's failure to pay child support, each count is of dissimilar import. In Hayth, the court noted that "[w]hen an offense is defined in terms of conduct toward another, then there is a dissimilar import for each person affected by the conduct." Id., citing State v. Phillips (1991),75 Ohio App.3d 785, 790, citing State v. Jones (1985), 18 Ohio St.3d 116, 118. Defendant was charged with four counts of criminal nonsupport involving four different victims, therefore, the offenses in each case were of dissimilar import because defendant's failure to pay child support separately affected each of the four victims.
 {¶ 15} Assignment of Error I is overruled.
 {¶ 16} "II. Whether the trial court failed to follow the mandates as enumerated in O.R.C. 2929.12(D) and O.R.C.2929.13(B)(1)."
 {¶ 17} Defendant contends that the trial court failed to follow the statutory requirements when it imposed maximum consecutive prison sentences for defendant's multiple convictions of criminal nonsupport that are felonies of the fifth degree. In particular, R.C. 2929.13(B)(2)(a) provides:
 {¶ 18} "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 19} R.C. 2929.19(B) provides, in pertinent part, as follows:
 {¶ 20} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 21} "(a) * * * if it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 22} In State v. Comer, 99 Ohio St.3d 463, 467-468,2003-Ohio-4165, ¶ 20-23, the Ohio Supreme Court held "that R.C.2929.19 clearly prescribes what a trial judge must do and say at a felony sentencing hearing. The statute specifies what can be considered at a hearing and what a trial court must do before sentencing the defendant. Moreover, it is at the sentencing hearing that the court `shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed' for consecutive sentences under R.C. 2929.14, R.C.2929.19(B)(2) and (B)(2)(c). We find the intent of the statute to be clear. Thus, we hold that pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 23} "Moreover, requiring the court to make these findings and give its reasons at the sentencing hearing comports with case law and with the purposes and intent of S.B. 2. Consecutive sentences are reserved for the worst offenses and offenders.State v. Boland, 147 Ohio App.3d 151, 162, 2002-Ohio-1163. Consistency and proportionality are hallmarks of the new sentencing law. [Citation omitted]. While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. [Citation omitted].
 {¶ 24} "Finally, our holding has a practical application as well. All interested parties are present at the hearing. Thus, an in-court explanation gives counsel the opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is the danger that they might be viewed as after-the-fact justifications. See, e.g., State v.Riggs (Oct. 11, 2000), Summit App. No. 19846 ."
 {¶ 25} The trial court did not make all of the findings and reasons required by R.C. 2929.13(B) and R.C. 2929.19(B) on the record when it imposed maximum consecutive sentences. Assignment of Error II is sustained and this matter is reversed and remanded for resentencing in accordance with the law.
Judgment affirmed in part, reversed in part and remanded for resentencing.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Gallagher, J., Concur.