JOURNAL ENTRY AND OPINION
{¶ 1} The applicant, Anwar Caldwell, pursuant to App. R. 26(B), has applied to reopen this court's judgment in State v. Anwar Caldwell, Cuyahoga App. No. 80556, 2002-Ohio-4911, in which this court affirmed his convictions and sentences for two counts of felonious assault each with a peace officer specification.[1] Caldwell maintains that his appellate counsel should have argued that the two crimes were allied offenses of similar import and that his trial counsel was ineffective for not seeking jury instructions on lesser included offenses. The State of Ohio filed a brief in opposition. For the following reasons, this court denies the application to reopen.
 {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 6} In the present case Caldwell's claim of ineffective assistance of appellate counsel is not well taken. On June 15, 2001, Caldwell began a car chase after police officers tried to effect a traffic stop. As various officers tried to stop Caldwell, he drove his car toward them, causing the officers to scramble for safety. The Grand Jury indicted Caldwell on four counts of felonious assault. The jury found him guilty of two.
 {¶ 7} Caldwell now argues that because he committed just one act, fleeing, the offenses are actually allied offenses of similar import and he should be convicted and sentenced for just one offense. However, this argument is ill-founded. Ohio courts have ruled that when "a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense. * * * Since appellant attempted to cause physical harm to two separate victims, he could properly be convicted of two counts of felonious assault and sentenced to serve consecutive sentences on each count." State v. Gregory (1993), 90 Ohio App.3d 124, 129,628 N.E.2d 86 and State v. Phillips (1991), 75 Ohio App.3d 785, 600 N.E.2d 825; Cf. State v. Jones (1985),18 Ohio St.3d 116, 480 N.E.2d 408. Furthermore, the evidence shows that Caldwell did not assault the officers all at once, but one after another. Therefore, appellate counsel was not ineffective for failing to raise an ill-founded argument.
 {¶ 8} Caldwell's other proposed assignment of error is that his trial counsel was ineffective for failing to seek jury instructions for lesser included offenses of felonious assault, specifically negligent assault. However, appellate counsel did argue ineffective assistance of trial counsel because he should have objected to prosecutorial misconduct. This court rejected the notion that trial counsel was deficient: "It also must be noted defense counsel's strategy in the face of overwhelming evidence against his client was sound. Counsel chose to dispute the officers' accounts that Caldwell used his vehicle as a weapon against them. Since the jury acquitted Caldwell of two of the four felonious assault charges, counsel's strategy substantially was successful." 2002-Ohio-4411 ¶ 38.
 {¶ 9} Moreover, the decision to request a jury instruction for a lesser included offense constitutes trial strategy and does not provide a basis for claiming ineffective assistance of trial counsel. In State v. Griffie, 74 Ohio St.3d 332, 333, 1996-Ohio-71, 658 N.E.2d 764, the Supreme Court of Ohio ruled: "Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." See, also, State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189, certiorari denied (1980),449 U.S. 879, 101 U.S. 227, 66 L.Ed.2d 102; State v. Langford, Cuyahoga App. No. 80753, 2003-Ohio-159, reopening disallowed 2003-Ohio-4173, Motion No. 347986; State v. Buehner Cuyahoga App. No. 81722, 2003-Ohio-3348, reopening disallowed, 2002-Ohio-463, Motion No. 353159; State v. Jones Cuyahoga App. No. 80737, 2002-Ohio-6045, reopening disallowed, 2003-Ohio-4397), Motion No. 346976; and State v. Young, Cuyahoga App. No. 79779, 2002-Ohio-1274. Thus, this argument is also not well taken.
 {¶ 10} Therefore, Caldwell does not establish a genuine issue as to the effectiveness of appellate counsel.
 {¶ 11} Accordingly, this court denies this application to reopen.
Karpinski, P.J., Concurs Rocco, J., Concurs.
[1] Caldwell did not challenge his additional convictions on two counts of failure to comply with order or signal of a police office.