JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Johnson ("defendant"), appeals from his conviction and sentence for felonious assault. For the reasons that follow, we affirm the conviction; vacate the sentence and remand for further proceedings.
 {¶ 2} Several witnesses for the State testified that defendant shot at Christopher Cowlin outside J.C.'s Tavern in Cleveland. According to witnesses, the shooter was either wearing a blue and gray sweater or a gray, blue, and white short-sleeved shirt. Officer Foley testified that he responded to the call of shots fired and observed a bullet hole in the victim's car tire. Police arrested defendant from inside an apartment in the area. A blue, gray, and white tee shirt was found in the apartment bathroom. Defendant was taken to the scene where Cowlin identified him as the shooter. A female witness observed defendant in possession of a weapon earlier that evening.
 {¶ 3} Officer Scott testified concerning defendant's statement wherein he admitted to an altercation and a shooting but claimed someone else had the gun. Further, defendant claimed he had been firing the gun at the lake earlier that evening. No gun was recovered but defendant was charged with felonious assault with a firearm specifications and having a weapon while under disability ("hwwud"). The felonious assault charge proceeded to jury trial, while the hwwud charge was tried to the bench. The jury found defendant guilty of felonious assault and the firearm specifications and the court found defendant guilty of the remaining charge. Defendant received a six-year prison sentence. Defendant now appeals raising two assignments of error for our review.
 {¶ 4} "I. The evidence was insufficient to support a conviction for felonious assault."
 {¶ 5} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} Defendant believes the evidence was insufficient to support his conviction of felonious assault for the reasons that Cowlin was not wounded by the shots fired and because Cowlin did not see defendant aim a gun at him.
 {¶ 7} R.C. 2903.11(A)(2) provides:
 {¶ 8} "(A) No person shall knowingly do either of the following:
 {¶ 9} "* * *
 {¶ 10} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 11} Shooting a gun in a place where there is a risk of injury to a person can support a finding that a person acted "knowingly" for purposes of felonious assault. State v. Salinas (1997), 124 Ohio App.3d 379,390, citing State v. Gregory (1993), 90 Ohio App.3d 124; State v.Phillips (1991), 75 Ohio App.3d 785; State v. Dunaway (June 24, 1993), Cuyahoga App. No. 62683. Further, felonious assault does not require an actual injury, it is enough that the defendant attempts to cause physical injury. The record provides sufficient evidence upon which reasonable minds could find the elements of felonious assault proven beyond a reasonable doubt.
 {¶ 12} Assignment of Error I is overruled.
 {¶ 13} "II. The post-release control term in the sentence must be vacated because the trial court failed to fully advise the appellant about post-release control at sentencing."
 {¶ 14} Defendant contends that the trial court erred by failing to inform him that post-release control was mandatory. The State concedes error but maintains the appropriate remedy is to remand for resentencing rather than vacate the post-release control portion of the sentence. "The court's duty to include a notice to the offender about post-release control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And * * *, a trial court's failure to notify an offender at the sentencing hearing about post-release control is error.
 {¶ 15} "Accordingly, when a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, ¶ 26-27.
 {¶ 16} Assignment of Error II is sustained in part.
Conviction affirmed; sentence vacated and cause remanded for resentencing.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., concur.